UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN,

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.*,

    *Defendants*.

_____/

## AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before me on Defendants' Motion to Dismiss Second Amended Complaint [D.E. 219]. For the reasons stated below, the Motion to Dismiss is granted with prejudice.

### I. BACKGROUND

*Pro se* Plaintiff filed his Second Amended Complaint [D.E. 192] on October 10, 2007, seeking, *inter alia*, injunctive relief against the United Stated Department of Education, the Equal Employment Opportunity Commission, and the United States (collectively "Federal Defendants"). Plaintiff seeks a declaratory judgment that "any determination of an expired statute of limitations, or late complaint filing regarding this action be tolled." Second Am. Comp. at ¶ 539. Plaintiff also seeks a declaratory judgment against the EEOC requiring it to use the term "reasonable cause" in its "dismissal" notices. *Id.* at ¶ 543-45.

### II. LEGAL STANDARD

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal

courts are courts of limited jurisdiction) (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1009). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. Additionally, "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott,* 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers '") (quoting *Estelle v. Gamble,* 429 U.S. 97, 107 (1976)).

### III.  ANALYSIS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *accord Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Ctr. for Biological Diversity*, 453 F.3d at 1335 (quoting *United States v. Mottaz*, 476 U.S. 834, 841 (1986)).

Although the Plaintiff does not expressly allege any basis for waiver of sovereign immunity against the Federal Defendants, he appears to be pleading under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act, however, does not provide an independent basis for

subject matter jurisdiction against the Federal Defendants. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *see also Household Bank v. JFS Group*, 320 F. 3d 1249, 1253 (11th Cir. 2003) ("the operation of the Declaratory Judgment Act is procedural only").  The Plaintiff's complaint against these Defendants must necessarily be dismissed since he has failed to allege any basis for a waiver of the sovereign immunity that shields the Federal Defendants. *See Bochese*, 405 F.3d at 974-75 ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue").

Ordinarily, where a 12(b)(1) motion is granted, a plaintiff's complaint is dismissed without prejudice, thus affording the plaintiff an opportunity to replead and state a claim upon which relief might be granted. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).[1] Where repleading would be futile, however, dismissal with prejudice is appropriate. *United Petro/Energy Corp. v. United States*, 846 F.Supp. 993, 996-97 (S.D. Fla. 1994); *cf. Anderson v. United States*, 317 F.3d 1235, 1240 (11th Cir. 2003) (finding the district court properly dismissed the plaintiff's complaint with prejudice when ruling upon the government's 12(b)(1) motion to dismiss), *cert. denied*, 540 U.S. 965.  In this case, I have liberally construed the Plaintiffs's Second Amended Complaint and its extensive factual allegations, searching for any possible source of waiver to sovereign immunity upon which a cause of action may be asserted against the Federal Defendants.  It appears that no such waiver exists.[2]  Any attempts by the Plaintiff to amend his complaint to assert a cause of action

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

[2] I also considered the possibility that Plaintiff could assert a claim under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702.  Even if brought under the APA, however, the Plaintiff's claims still fail.  Under the APA, an agency's actions are only reviewable where there is "no other adequate remedy in a court." 5 U.S.C. § 704.  Since an individual may pursue a private right of action against an employer who has allegedly discriminated against him, there is always some

against the Federal Defendants would be futile.

### IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss Second Amended Complaint [D.E. 219] is granted. Plaintiff's Second Amended Complaint is dismissed with prejudice as to all counts against the United States Department of Education, the Equal Employment Opportunity Commission, and the United States.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of June 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Ted E. Bandstra*
*Counsel of Record*

---

adequate remedy in a court, and thus Plaintiff cannot sue the Federal Defendants under the APA. *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997); *see also Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991); *Ward v. E.E.O.C.*, 719 F.2d 311, 312 (9th Cir. 1983); *Stewart v. E.E.O.C.*, 611 F.2d 679, 683 (7th Cir. 1979); *Terry v. E.E.O.C.*, 21 F. Supp. 2d 566, 569 (E.D. Va. 1998). Specifically, the Plaintiff's claims against the United States, the EEOC and the U.S. Department of Education fail as a matter of law, for the reasons and rationale asserted in the above cited cases.