UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.,*

    *Defendants*.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before me on a Motion to Dismiss the Second Amended Complaint filed by Defendant Rudolph F. Crew ("Crew") [D.E. 224]. For the reasons stated below, the Motion to Dismiss is (1) granted with respect to allegations against Crew in his official capacity, (2) granted as to allegations against Crew, in his individual capacity, for acts occurring prior to his assuming the role as Superintendent on July 1, 2004, and is (3) denied as to allegations against Crew, in his individual capacity, for acts that occurred after he assumed the rule as Superintendent on July 1, 2004.

### *I. BACKGROUND*

*Pro se* Plaintiff filed his Second Amended Complaint ("Complaint") [D.E. 192], seeking damages, declaratory, and injunctive relief from Crew, in both his individual and official capacity. Crew is the Superintendent of Miami-Dade County Public Schools. In this capacity, Crew is an employee of the Miami-Dade County School Board ("School Board"). Plaintiff has also named the School Board as a defendant.

In his Complaint the Plaintiff acknowledges that in 1998 he was arrested, but contends that the State declined to prosecute his case and that in 1999 the arrest was expunged from his record. Sometime thereafter the Plaintiff applied for a position with the Miami-Dade County Public School System. His application was allegedly denied based on his responses to questions in the application regarding his criminal record. Among other allegations, the Plaintiff contends is that the Defendants discriminated against him on the basis of his status as an individual who was formerly arrested, but not tried or convicted, and who has since had the record of the arrest expunged. The Plaintiff also alleges that the Defendants used the questions about his arrest record as a pretext to discriminate against him on the basis of his race, color, sex, age, and nationality. Crew files his Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## *II. LEGAL STANDARD – Fed. R. Civ. P. 12(b)(6)*

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts " standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate

if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

### III.  ANALYSIS

#### A. Official Capacity

Where a plaintiff sues a government employee in his or her official capacity, the suit is simply another way of pleading a cause of action against the governmental entity that employs the individual. *Smith v. Allen*, 502 F.3d 1255, 1271-72 (11th Cir. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). It is redundant to name in a lawsuit a governmental entity and an individual employee of that entity in his or her official capacity. *Rowe v. City of Ft. Laud.*, 8 F. Supp. 2d 1369, 1375 n.7 (S.D. Fla. 1998). Where such pleading occurs, it is appropriate to dismiss the suit against the individual governmental employee in his or her official capacity. *Id.*

In this case, the Plaintiff is suing Crew in his official capacity as Superintendent of Miami-Dade County Public Schools. The Plaintiff acknowledges that as Superintendent, Crew is an employee of the School Board. Since the School Board is also named as a defendant, it is therefore redundant to retain the claim against Crew in his official capacity. Accordingly, all claims against Crew, in his official capacity, are dismissed with prejudice.

#### B. Individual Capacity

A § 1983 action brought against a government employee in his or her individual capacity

seeks damages directly from the individual employee. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). A supervisor is held liable in his or her individual capacity for the actions of a subordinate only in limited circumstances. *Mercado v. City of Orlando*, 407 F.3d 1152, 1158 (11th Cir. 2005) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360-61 (11th Cir. 2003). Supervisory liability under § 1983 occurs when (1) the supervisor personally participates in the alleged unconstitutional conduct, or (2) when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Id.* Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights. *Id.*

### *1. Acts Occurring Before July 1, 2004*

The Plaintiff recognizes that Crew assumed the role as Superintendent on July 1, 2004. Pl.'s Resp. to Def. Crew's Mot. to Dismiss, 6 [D.E. 260]. Virtually all of the pertinent allegations in the Complaint occurred prior to July 1, 2004. *See, e.g.,* Second Am. Compl. ¶¶ 84 – 86 (allegations directed to the School Board for incidents occurring between June and September of 2002); *Id.* ¶¶ 92 – 101 (allegations against employees of the School Board for acts occurring between April and July of 2003); *Id.* ¶¶ 104 – 117 (allegations against the School Board and individual employees for events occurring between August of 2003 and April of 2004). The only events alleged to have occurred after July 1, 2004, when Crew assumed the role as Superintendent, relate to the School Board's "refus[al] to clarify any of [its] employment application . . . policies." *See id.* ¶¶ 140 – 148 (asserting numerous instances of correspondence sent to Crew and other employees of the School

Board, most of which were allegedly ignored).

It should be self-evident that Crew cannot be held individually liable for acts occurring before he was employed as Superintendent. First Crew could not have personally participated in any unconstitutional acts before he assumed the role as Superintendent because he was not yet an employee of the School Board. Likewise, there could not have been any causal connection between the alleged unconstitutional acts and Crew's supervision because Crew was not a supervisor at the time that the alleged acts occurred. Accordingly, all claims for acts occurring prior to Crew assuming the role of Superintendent on July 1, 2004 are dismissed with prejudice.

### 2.  *Acts Occurring After July 1, 2004*

The essence of the Plaintiff's remaining claim against Crew asserts that, as Superintendent, Crew failed to redress the alleged unconstitutional acts that occurred previously, Crew failed to right the wrongs, thereby perpetrating the system that caused the violation of Plaintiffs's rights. Construing the Complaint liberally, as I must for this *pro se* Plaintiff, I find he has alleged a cause of action for acts which occurred after July 1, 2004. The Plaintiff's allegations amount to what can be construed as a history of widespread abuse, which would have put a responsible supervisor on notice under a *Mercado* analysis. Therefore, the Motion to Dismiss is denied with respect to claims against Crew, in his individual capacity, for acts occurring after July 1, 2004.

### IV.  CONCLUSION

For the reasons set forth above, Crew's Motion to Dismiss [D.E. 224] is granted with respect to allegations brought against Crew in his official capacity; granted with respect to allegations against Crew in his individual capacity for any acts occurring prior to July 1, 2004; and denied with respect to allegations against Crew in his individual capacity for any acts occurring after to July 1,

2004.  All claims against Crew in his official capacity are dismissed with prejudice, and all claims against crew in his individual capacity for acts occurring prior to July 1, 2004 are dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of July 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

The Honorable Ted E. Bandstra

All counsel of record

Ralph Irwin, *pro se* Plaintiff
27331 SW 164th Avenue
Homestead, FL 33031