UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.,*

    *Defendants*.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before me on Defendants' Motion to Dismiss Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [D.E. 221]. For the reasons stated below, the Motion to Dismiss is granted.

*I. BACKGROUND*

*Pro se* Plaintiff filed his Second Amended Complaint [D.E. 192] on October 10, 2007, seeking, *inter alia*, damages from Defendants Federico Costales, Cynthia Pierre, and Raines Carroll, all in their individual capacity (collectively "Federal Employee Defendants"). Costales and Pierre were both employees of the Equal Employment Opportunity Commission ("EEOC") while Carroll was an employee with the United States Department of Education. The Plaintiff's claims against these Defendants are brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and focus on the alleged acts and omissions in connection with the handling of Plaintiff's complaints regarding abusive employment practices.

## II. LEGAL STANDARD

### A. *Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)*

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction)(citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought, "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction – its authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.) (1981), cert. denied, 454 U.S. 897 (1981)).

### B. *Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)*

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."

*Holtzman v. B/E Aerospace, Inc.,* No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

I must also keep in mind that "[*p*]*ro se* pleadings are to be held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

### III.  ANALYSIS

The Federal Employee Defendants' primary argument for summary judgment is based on their assertion that the Plaintiff's *Bivens* claims are foreclosed since Congress has provided for an adequate alternative remedy. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized the existence of a private right of action against government officials, in their individual capacity, for constitutional violations, despite the absence of any statute conferring such a right. A *Bivens* cause of action is foreclosed in two

situations: (1) where a defendant is able to "demonstrate special factors counselling hesitation in the absence of affirmative action by Congress" and (2) where "Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." *Carlson v. Green*, 446 U.S. 14, 18-19 (1980) (emphasis in original) (quoting from *Bivens*, 403 U.S. at 396-97). For example, the existence of a right to judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et. seq.* ("APA"), is sufficient to preclude an individual from bringing a *Bivens* action. *Miller v. U.S. Dept. of Agric. Farm Servs. Agency*, 143 F.3d 1413, 1416 (11th Cir. 1998).

The Federal Employees analogize this case to *Schweiker v. Chilicky*, 487 U.S. 412 (1988). In *Schweiker*, plaintiffs challenged the disruption of their Social Security disability benefits, bringing their claims directly against the persons who denied the benefits. *Schweiker*, 487 U.S. at 414-419. The Court concluded that the extensive procedural structure that existed to afford persons denied benefits an opportunity to appeal such decisions foreclosed a *Bivens* cause of action. *Id.* at 414. The Court reasoned that this administrative appellate scheme was a Congressional substitute for recovery directly under the Constitution. *Id.* at 425. In a similar case, the Supreme Court declined to extend the *Bivens* doctrine to permit a claim to be brought by a federal employee against his employer. *Bush v. Lucas*, 462 U.S. 367, 368 (1983). Again, the Court focused on the comprehensive remedial structure which would provide the plaintiff the opportunity for a remedy against his employer. *Id.* at 385. *Scheweiker* and *Bush* show that where a federal entity injures an individual in a context where a comprehensive remedial structure exists to redress the alleged wrong, a *Bivens* action against the individual employees of the federal entity is foreclosed.

In this case, Plaintiff has alleged the Federal Employee Defendants, who were employees of the EEOC or the United States Department of Education, wronged him. The claims brought against

the Federal Employee Defendants are not based on any alleged mishandling of the underlying discrimination complaints made by Plaintiff, but rather for separate and independent acts. *E.g.,* Second Am. Compl. ¶ 487 (asserting that Costales affirmatively discriminated against Plaintiff on the basis of his race, color, and nationality); ¶¶ 499-500 (alleging that Pierre engaged in malfeasance and willful misconduct and encouraged actions which violated Plaintiff's First, Fifth, and Fourteenth Amendment rights); and ¶ 514 (claiming that Carroll knew of the pattern of discrimination practiced by other Defendants and ratified such conduct thereby violating Plaintiff's constitutional rights).

Plaintiff's claims against the Federal Employee Defendants amount to an assertion that the actions taken by these parties were contrary to his constitutional rights. These allegations are within the ambit of the APA, and thus must be pled under the APA. *See* 5 U.S.C. § 706. Because Congress has provided an alternative remedy for Plaintiff's alleged injuries, it would be inappropriate to apply the judicially-created *Bivens* doctrine to this case. *See Miller*, 143 F.3d at 1416-17. Accordingly, Plaintiff has no cause of action against the Federal Employee Defendants.

This decision is not inconsistent with my previous order [D.E. 353], which dismissed Plaintiff's claims against the EEOC, the United States Department of Education, and the United States. In his counts against those Defendants he alleged only the mishandling of complaints which he had filed and not any independent constitutional violations. A claim against the EEOC for the alleged mishandling of a complaint is not actionable under the APA. *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("[N]o cause of action against the EEOC exists for challenges to its processing of a claim.").

### IV. CONCLUSION

Congress has created an adequate alternative remedy, through the enactment of the APA, and thus the *Bivens* claims against the Federal Employee Defendants cannot stand. Accordingly, the

Federal Employee Defendants' Motion to Dismiss [D.E. 221] is granted. All counts brought against the Federal Employee Defendants (Federico Costales, Cynthia Pierre, and Raines Carroll), are dismissed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of July 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

The Honorable Ted E. Bandstra

Counsel of Record

Ralph Irwin, *pro se* Plaintiff
27331 SW 164th Avenue
Homestead, FL 33031