UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.,*

    *Defendants*.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before me on a Motion to Dismiss the Second Amended Complaint filed by Defendants Agency for Work Innovation ("AWI") and Monesia Brown ("Brown") [D.E. 223]. Plaintiff's claims against AWI are barred by the Eleventh Amendment. Moreover, Plaintiff has failed to state a claim upon which relief can be granted against Brown. For the reasons stated below, the Motion to Dismiss is granted and the counts against AWI and Brown are dismissed with prejudice.

### I. BACKGROUND

*Pro se* Plaintiff filed his Second Amended Complaint ("Complaint") [D.E. 192], seeking declaratory and injunctive relief from AWI, and damages, declaratory, and injunctive relief from Brown, in both her individual and official capacity. AWI is the Florida agency which manages the State's unemployment compensation system. Brown is the Director of AWI.

In 2004, the Plaintiff applied for unemployment benefits with AWI when his employment with Florida International University ("FIU") was discontinued. The agency made a determination

that unemployment benefits were available to Plaintiff since he was released due to lack of work. In spite of this decision, Plaintiff chose to appeal AWI's determination that he was separated from FIU due to lack of work. The Plaintiff's appeal to AWI (1) expressed his dissatisfaction with the lack of work determination, (2) explained his belief that he had been the victim of alleged unlawful labor practices, and (3) sought AWI's assistance in remedying those perceived unlawful employment actions.[1]

Plaintiff alleges that AWI and Brown made "false, derogatory, and accusatory" statements when they made the determination that Plaintiff was separated from FIU due to lack fo work. Second Am. Compl. ¶¶ 393, 403 [D.E. 192]. Plaintiff further alleges that in his appeal of this determination he informed AWI and Brown of his allegations of discrimination against the Florida Department of Education ("FDOE") and the Miami-Dade County School Board ("School Board"). *Id.* ¶¶ 395, 404 [D.E. 192]. The Plaintiff's claims against these Defendant's are thus premised on the assertion that AWI and Brown are liable because they failed to take action after they were made aware of his allegations against the FDOE and the School Board. *See id.* ¶¶ 395 – 401, 404 – 410.

---

[1] It appears that AWI previously explained to Plaintiff that it was not the proper agency to address allegations of discriminatory employment practices against the Miami-Dade County School Board or other governmental entities. AWI also provided Plaintiff with the contact information for the Florida Commission on Human Relations, the U.S. Equal Employment Opportunity Commission, and the Florida Bar Statewide Lawyer Referral Service, and advised Plaintiff that if he wished to file a charge of discrimination, he should contact these agencies. These details, however noteworthy, are not part of the record before this Court because they were attached as an "exhibit" to Plaintiff's Response to the Motion to Dismiss [D.E. 273]. What is a part of the record is the "lack of work" determination issued by AWI and the October 25, 2004 letter from Plaintiff to AWI. Pl.'s Resp. to Def.'s Mot. to Dismiss 41, 44-45 [D.E. 273]. These two documents are appropriately included in the record, without converting the Motion to Dismiss into a Motion for Summary Judgment, because these documents are central to Plaintiff's claim and their authenticity is not disputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (noting that "a document need not be physically attached to a pleading to be incorporated by reference into it").

## II. LEGAL STANDARD – Fed. R. Civ. P. 12(b)(6)

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts " standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

## III. ANALYSIS

### A. Claims Against the Agency For Workforce Innovation ("AWI")

A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by *a person* acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the

Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 -1420 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983). A state and its agencies are not "persons" within the meaning of § 1983. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Moreover, an action brought in federal court against a state or one of its agencies is barred by the Eleventh Amendment. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

AWI is a state agency. *See* FLA. STAT. § 443.171 (2004). The Plaintiff's allegations against AWI brought under § 1983 fail to state a claim since Plaintiff does not (and cannot) assert that the acts complained of were committed by *a person*. Additionally, Plaintiff's claims are barred by the Eleventh Amendment. Accordingly, AWI's Motion to Dismiss is granted and Plaintiff's claims against AWI are dismissed with prejudice.

### B. Claims Against Director Brown In Her Individual Capacity

A § 1983 action brought against a government employee in his or her individual capacity seeks damages directly from the individual employee. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). A supervisor is held liable in his or her individual capacity for the actions of a subordinate only in limited circumstances. *Mercado v. City of Orlando*, 407 F.3d 1152, 1158 (11th Cir. 2005) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360-61 (11th Cir. 2003). Supervisory liability under § 1983 occurs when (1) the supervisor personally participates in the alleged unconstitutional conduct, or (2) when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Id.* Alternatively, the causal connection may be

established when a supervisor's custom or policy results in deliberate indifference to constitutional rights. *Id.*

### 1. *"Lack of Work" Determination*

Plaintiff contends that AWI's determination that he was dismissed by FIU for "lack of work" means that he was relieved of his duties because he was an inefficient, ineffective, and/or a non-productive worker. Pl.'s Response to AWI's Motion to Dismiss 44 [D.E. 273]. In support of this position Plaintiff cites to Florida Statute 447.209 which states: "It is the right of the public employer to . . . direct its employees, take disciplinary action for proper cause, and relieve its employees from duty because of lack of work or for other legitimate reasons." Thus, Plaintiff reads this statute as meaning that a dismissal for "lack of work" equates to dismissal for "disciplinary" reasons. *Id.* This is an inaccurate reading of the statute. A separation due to "lack of work" means that the employer no longer had enough work to justify maintaining the employee; it does not implicate any disciplinary action. *Cf.* FLA. STAT. § 443.131(3)(a)(2) (2004) (distinguishing "unsatisfactory work performance" from "lack of work due to temporary, seasonal, casual, or other similar employment that is not of a regular, permanent, and year-round nature"). Plaintiff simply misconstrued the phrase "lack of work" in this context. This misunderstanding cannot form the basis of a cause of action against Brown.

### 2. *Ratification or Endorsement of Discriminatory Practices by Other Entities*

Plaintiff has not alleged that Brown personally participated in the alleged unconstitutional conduct only that she ratified such conduct. Plaintiff asserts that his October 25, 2004 letter to Brown notified her of his allegations of discriminatory acts perpetrated by the FDOE and the School Board. The ratification allegations rest on Plaintiff's premise that because Brown failed to take action to remedy the discriminatory effects she thus "condoned, encouraged, permitted and tolerated

such actions." Second Am. Compl. ¶ 406. As noted above, supervisory liability exists only "when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Mercado*, 407 F.3d at 1158. Plaintiff has not alleged, nor can he allege, that Brown *caused* the unconstitutional conduct to occur, either by a prior awareness of a history or practice of discrimination or by establishing a custom or policy leading to the discrimination. As director of AWI, Brown was not in a supervisory position with respect to the FDOE or the School Board. Accordingly, she could not have been on notice of a history of widespread abuse or instituted a policy at the FDOE or the School Board as these are separate entities from AWI. *See* Second Am. Compl. ¶¶ 28, 39, 52 (setting forth and distinguishing between the School Board, the FDOE and AWI). Because Plaintiff's allegations cannot make out a claim of supervisory liability against Brown in her individual capacity they must be dismissed with prejudice.

### C. Claims Against Director Brown In Her Official Capacity

A suit against a government employee in his or her official capacity is treated as a suit against the underlying governmental entity. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)). An action brought in federal court against a state or one of its agencies is barred by the Eleventh Amendment. *Id.*; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). When brought as a § 1983 action, however, official capacity suits are not treated as actions against the state. *Scott*, 405 F.3d at 1255 (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *Pennhurst*, 465 U.S. at 102 (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

#### 1. "Lack of Work" Determination

The analysis with respect to the "lack of work" determination is identical to that set forth above. As a matter of law, Plaintiff misconstrued the meaning of "lack of work." Plaintiff has not

sufficiently alleged any cause of action here for defamation. *Cf. Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007) (setting forth the elements of defamation). For the same reason that this assertion did not state a cause of action with respect to Brown in her individual capacity, neither does it state a cause of action against her in her official capacity.

### *2. Ratification or Endorsement of Discriminatory Practices by Other Entities*

The essence of Plaintiff's remaining claim against Brown is that she ratified the alleged discriminatory actions perpetrated by the FDOE and the School Board. "Ratification is a doctrine of agency law in which a principal is deemed to adopt the previously unauthorized actions of his or her agent by failing to object after finding out about them." *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 36 (1st Cir. 1986). "Because ratification is the principal's adoption of an agent's action, the concept necessarily requires an act of the agent as agent." *Id.*

Plaintiff has not asserted that the FDOE or the School Board was acting as an agent for Brown when they allegedly discriminated against him. *Cf.* Second Am. Compl. ¶¶ 28, 39, 52 (establishing that the School Board, the FDOE and AWI are separate entities). Under Plaintiff's ratification theory, he could have written a letter to any Florida State Agency, for example the Department of Citrus or the Department of the Lottery, complaining of the alleged discrimination inflicted by the FDOE and the School Board; if any of these agencies failed to assist him, they would then be liable to him as having ratified the discriminatory conduct. That is not the law. A count brought under a theory of ratification requires a principal-agent relationship. Because Plaintiff has not alleged that Brown was engaged in such a relationship with the FDOE or the School Board, the Complaint fails to state a claim upon which relief can be granted.

### *IV. CONCLUSION*

For the reasons set forth above, the Motion to Dismiss [D.E. 223] is granted. All claims

against AWI and Brown in her individual and official capacity are dismissed with prejudice. Additionally, Plaintiff's Motion for Partial Summary Judgment [D.E. 273] is denied as moot.

Furthermore, Plaintiff is admonished that all future filings and interactions with this Court must comport with the Federal and Local Rules of Civil Procedure. Specifically, Local Rule 7.1(C)(2) requires that legal memorandum not exceed twenty pages (ten pages for a reply) without leave of the Court. Further, Local Rule 7.1(C) makes clear that a reply memorandum may be served, but that no additional memoranda may be filed without leave of the Court. In this case, Plaintiff's Response Memoranda [D.E. 273] consisted of thirty-one pages, and Plaintiff filed a Sur-Reply [D.E. 288] without leave of this Court. This is not the first time Plaintiff has abused these Local Rules. Future violations may result in sanctions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of July 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
The Honorable Ted E. Bandstra

Counsel of Record

Ralph Irwin, *pro se* Plaintiff
27331 SW 164th Avenue
Homestead, FL 33031