UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.,*

    *Defendants*.
_____/

### ORDER DENYING DEFENDANTS ROTHSTEIN AND SCHERE'S MOTION TO DISMISS AND GRANTING THEIR MOTION FOR SUMMARY JUDGMENT

This matter is before me on Defendants Susan Rothstein ("Rothstein") and Madelyn Schere's ("Schere") Motion to Dismiss [D.E. 222] and their Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(c) [D.E. 447]. For the reasons stated below, the Motion to Dismiss is denied and the Motion for Summary Judgment is granted.

### I. BACKGROUND

*Pro se* Plaintiff filed his Second Amended Complaint [D.E. 192] on October 10, 2007, seeking, *inter alia*, damages from Defendants Rothstein and Schere. Rothstein and Schere were employees of the Miami-Dade County School Board. Rothstein was the Administrative Director, Civil Rights and Diversity Compliance, for the School Board. Schere was a Senior School Board Attorney. The Plaintiff, Irwin, brings his claim against Rothstein and Schere pursuant to 42 U.S.C. § 1983 and argues that defendants violated his First, Fifth and Fourteenth Amendment

rights. The Defendants were sued in both their individual and official capacity.[1] The claims focus on the Defendants alleged acts and omissions when handling Plaintiff's employment applicationF grievances. Irwin argues that Rothstein issued a "false and biased" Civil Rights and Diversity Compliance determination after considering the legitimacy of his complaint. (Second Amended Complaint ¶ 278). He argues in his Complaint that on April 7, 2004, Schere unfairly denied his request for a Chapter 120 Administrative Hearing. (Second Amended Complaint ¶ 117). Defendants Rothstein and Schere have previously filed a Motion to Dismiss [D.E. 222], which I am denying because Irwin has arguably alleged that defendants were acting outside the scope of their employment. I am granting defendant's Motion for Summary Judgment [D.E. 447], however, because there are no genuine issues of fact in this case.

## II.  LEGAL STANDARD

### A.  Standard for Motion to Dismiss

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible

---

[1] Although the counts against these two Defendants indicate that they are being sued in their individual capacity, paragraph 65 of the Second Amended Complaint indicates that all non-Federal Defendants are being sued in there individual and official capacity. *Compare* Second Am. Compl., Count 13 *and* Second Am. Compl., Count 15 *with* Second Am. Compl. ¶ 65.

on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001)("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); see also *Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded  must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

    **B.  Motion for Summary Judgment**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary

judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### III. ANALYSIS

#### A. Motion to Dismiss

##### 1. Section 1983 Claims Against Defendant Rothstein

Irwin filed suit after he was denied the opportunity to teach and volunteer at the Miami-Dade County Public School System. He was allegedly denied a position due to the manner in which he answered questions regarding his expunged arrest record on his employment application. Irwin alleges that he submitted a discrimination complaint to the Miami-Dade

County School's Office of Civil Rights and Diversity Compliance. (Second Amended Complaint ¶ 104). In response to his complaint, Rothstein stated, "[t]here is insufficient evidence to substantiate the complaint you filed; therefore, your case has been closed and no further action will be taken." (Second Amended Complaint ¶ 105). Irwin asserts that Rothstein filed a "false and biased" report stating there was insufficient evidence to substantiate Plaintiff's complaints. (Second Amended Complaint ¶¶ 105, 278). Irwin claims that Rothstein violated his First, Fifth, and Fourteenth Amendment rights, and 42 U.S.C. § 1983 provides a remedy.

A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419-20 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983).

Qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). Qualified immunity is an entitlement not to stand trial under certain circumstances. *Mitchell v. Forsyth*, 472 U.S. 511, 525-28 (1985). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*. at 526. Thus, qualified immunity protects government actors in their individual capacities from civil claims against them.

Irwin sues Rothstein individually, alleging that she "refused to acknowledge the truthfulness of my application answers, and refused to admit that no question existed on Miami-

Dade County Public School's application that required acknowledgment of an expunged dismissed arrest. . ." (Second Amended Complaint ¶ 278). Irwin asserts that because of these actions Rothstein issued a "false and biased CRDC determination in regard to her investigation into my complaint." *Id.* at ¶ 278. In other words, Irwin alleges that Rothstein acted outside the scope of her discretionary authority. Given that *pro se* pleadings are to be construed liberally, the facts alleged, taken in the light most favorable to Irwin, appear to establish that Rothstein's conduct violated Irwin's constitutional rights. Accordingly, a determination of whether Rothstein is entitled to qualified immunity is premature at the motion to dismiss stage.

### 2. Section 1983 Claims Against Defendant Schere

After his claim was denied by the Office of Civil Rights and Diversity Compliance, Irwin sought an administrative hearing. Irwin states that Schere wrongly denied his request for an administrative hearing despite his allegations of wrongdoing by several employees of the Miami-Dade County School System. (Second Amended Complaint ¶ 117). Irwin claims that Schere violated his First, Fifth, and Fourteenth Amendment rights, and 42 U.S.C. § 1983 provides a remedy. Irwin asserts that Schere acted against state and federal law when she failed to grant a Chapter 120 Administrative hearing because there were clearly many causes of action stated in the request. *Id*. at ¶ 283. In other words, Irwin alleges that Schere acted outside the scope of her discretionary authority when she negligently failed to grant a hearing. Given that *pro se* pleadings are to be construed liberally, the facts alleged, taken in the light most favorable to Irwin, appear to establish that Schere's conduct violated Irwin's constitutional rights. Accordingly, a determination of whether Schere is entitled to qualified immunity is premature at the motion to dismiss stage.

### B. Motion for Summary Judgment

Defendants Rothstein and Schere are entitled to summary judgment under Rule 56(c). Irwin alleges § 1983 violations under the First, Fifth, and Fourteenth Amendments. A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983).

Irwin fails to assert a First Amendment violation under § 1983. Irwin seems to suggest his First Amendment rights were violated when he was not provided with the opportunity to address his employment grievances; however, he did have the opportunity to air his grievances. He filed a complaint with the Civil Rights and Diversity Compliance Office. Further, Rothstein not only accepted the complaint, but investigated Irwin's allegations. Irwin admits in his deposition that Rothstein interviewed all of the relevant parties and reviewed all applicable civil rights statutes in making a determination. (Pl.'s Dep. p. 74-5).

Schere denied Irwin a Chapter 120 Hearing concerning Rothstein's findings. However, Irwin acknowledges that a Chapter 120 Hearing is not necessary in some cases: "Obviously there are complaints that may not justify a Chapter 120 hearing, but I am alleging certainly my complaint was not one of those." (Pl.'s Dep. p. 81). Irwin, at his deposition did not state that Schere failed to perform an objective or ethical review; rather, he stated his disagreement with her determination. Irwin had an opportunity to state his grievances and there was an investigation into the relevant parties and their conduct.

Furthermore, Irwin fails to assert a First Amendment violation because the speech he

seeks to assert is not protected under the Constitution.  The Eleventh Circuit has chosen to apply the *Bryson* test to determine whether speech is protected under the First Amendment.  *Tindal v. Montgomery County Comm'n,* 32 F.3d 1535, 1539-40 (11th Cir. 1994) (citing *Bryson v. City of Waycross*, 888 F.2d 1562, 1565-66 (11th Cir. 1989)); *see also Badia v. City of Miami*, 133 F.3d 1443, 1446 (11th Cir. 1998).  The test seeks to determine whether the speech is a matter of public concern.  *Tindal,* 32 F.3d at 1539 ("We have held that no First Amendment protection attaches to speech that - for personal benefit - exposes *personally* suffered harassment or discrimination") (emphasis in original).  Irwin's First Amendment claim fails under the *Bryson* test because the speech he wishes to express is for his own benefit and concerns the discrimination he allegedly personally suffered.  He hopes that a Chapter 120 Hearing will give him the opportunity to clear his name and obtain employment as an educator.  Irwin's proposed speech is not constitutionally protected.  Therefore, Irwin has not asserted a violation of his First Amendment Rights.

Irwin also fails to state a § 1983 violation under the Fourteenth Amendment.  According to the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  This due process requirement applies to the federal government through the Fifth Amendment.  U.S. Const. amend. V.  To establish a violation, a plaintiff must demonstrate that (1) he had a constitutionally protected interest, and (2) "that the government deprived him of that interest for improper motive and by means that were pretextual, arbitrary and capricious." *Mackenzie v. City of Rockledge*, 920 F.2d 1554, 1558 (11th Cir. 1991).  Irwin fails to show that the defendants deprived him of a protected interest for improper motive.  Irwin states at his deposition that he was discriminated against from the beginning of his grievance complaints, and others ratified in the process. (Pl.'s Dep. p. 75-6).  According to Irwin, his failure to acknowledge his expunged arrest record was used as a pretext

for rejecting his employment on civil rights grounds. *Id.* at 75-6. However, Irwin cannot define in concrete terms how he was discriminated against. Irwin, when asked to define exactly how Rothstein discriminated against him, references his complaint allegations and employment application. *Id.* He fails to provide any evidence linking Rothstein and Schere's actions to a pretextual motive. Further, Irwin does not know of other individuals who have been discriminated against for pretextual, arbitrary, or capricious reasons. (Pl.'s Dep. p. 77).

Irwin also did not have a constitutionally protected interest in his possible employment with the Miami-Dade County Public School System. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In the Supreme Court case of *Board of Regents of State Colleges v. Roth*, an assistant professor at a state university brought a Fourteenth Amendment claim because the university declined to hire him after his first year. *Id.* at 564. The Court held that no due process violation had occurred because the professor, who had no tenure rights, possessed no property interest in continued employment. *Id.* at 577. A unilateral expectation of employment is insufficient to show a claim of entitlement. *Id.*

The *Roth* court further explained that the Constitution does not create property interests; rather, sources such as state law or understandings about secured benefits define property interests. *Id.* at 577. Because Florida is an "at will" employment state, *Cardinale v. Southern Homes of Polk County, Inc.*, 2008 WL 788460, at *6 (M.D. Fla. Mar. 19, 2008), an employee has no property interest in continued employment and no entitlement to due process protection, *Davis v. Mobile Consortium of CETA*, 857 F.2d 737, 741 (11th Cir. 1988). Since Irwin cannot assert a property interest, or define how Rothstein or Schere discriminated against him using pretextual, arbitrary or capricious means, he cannot maintain a § 1983 suit under the Fourteenth

Amendment.

### C. State Tort Claims

In Irwin's Response to Rothstein and Schere's Motion to Dismiss, he asserts several new state law claims, which were not present in his Second Amended Complaint. Normally, I would disregard the new allegations and analyze the Defendant's Motion to Dismiss under the assertions set forth in the Second Amended Complaint. *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044, 2007 WL 997362 at *4 (S.D. Fla. Mar. 27, 2007 (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); accord *Walker v. City of Orlando*, No. 07-651, 2007 WL 1839431 at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss). This case, however, involves a *pro se* plaintiff; therefore, the court must liberally construe Irwin's response. When *pro se* plaintiffs raise additional allegations in their filings, these allegations should be construed as a motion to amend the complaint, and the motion should be granted. *Newsome v. Chatham County Detention Ctr.*, 256 Fed. App'x 342, 344 (11th Cir. 2007). The court, in a *pro se* case, should generally allow the plaintiff leave to amend his complaint.

I am, nonetheless, denying Irwin leave to amend his complaint for two reasons. First, Irwin has already had two opportunities to allege new facts or law, which were not included in his original complaint. Irwin filed his First Complaint on December 15, 2006, his First Amended Complaint on July 2, 2007, and his Second Amended Complaint on October 10, 2007. In addition to having opportunities to assert his new claims, Irwin also had ample time to make his assertions since over twenty-one months expired between his initial complaint and his Second Amended Complaint. Irwin should have included his additional claims in either his First or

Second Amended Complaint, not in his response to Defendant's Motion to Dismiss.  Second, even if Irwin were permitted to introduce new state law claims, these new claims would fail.

Irwin alleges, in his Response to Defendant's Motion to Dismiss, that Rothstein and Schere violated several Florida statutes and committed torts.  The only torts that the court can discern are gross or wanton negligence, negligence *per se*, fraud, and intentional infliction of emotional distress.  Given Irwin's deposition testimony and the statutes upon which he relies, it is clear that the additional claims he is attempting to assert are frivolous.

Irwin seems to assert a negligence claim for gross or wanton conduct against Rothstein and Schere.  Florida courts recognize both gross and wanton negligence.  "Gross negligence has been defined as the equivalent of slight care, that course of conduct which a reasonable and prudent person would know would probably and most likely result in injury to person or property."  *Farrell v. Fisher*, 578 So. 2d 407, 409 (Fla. 4th DCA 1991).  "Wanton negligence, on the other hand, is *no* care or the absence of any care and is only one degree removed from willful misconduct."  *Id.* at 995  (emphasis in original).  Under either form of negligence, the defendant mush breach a duty of care; the deciding factor between the two is exactly what amount of care was breached.

Regardless of the negligence standard, Irwin fails to assert a valid negligence claim against defendants.  All the evidence in the record thus far shows that defendants did not breach a duty.  Irwin admits in his deposition that Rothstein performed her duties when she responded to all claims, interviewed relevant parties, and consulted relevant statutes.  (Pl.'s Dep. p. 74).  Rothstein's determination that Irwin failed to present a valid employment claim does not amount to a breach of duty.  Schere also did not breach her duty; she accepted Irwin's request for a Chapter 120 Hearing.  If Schere had refused to entertain Irwin's request completely then she

might have breached her duty.  However, Schere's determination that a Chapter 120 Hearing was not warranted did not amount to a breach of duty.

Irwin asserts that defendants Rothstein and Schere were negligent *per se* and cites Fla. Stat. §§ 448.102, 448.045, and 231.291(1)(a) in support of his assertion.  Fla. Stat. § 448.102 states: "A[n] employer may not take any retaliatory personnel action against an employee because the employee has. . . disclosed, or threatened to disclose, to any appropriate governmental agency . . . an activity, policy, or practice of the employer that is in violation of a law, rule or regulation."  Fla. Stat. § 448.102.  This is the private employer "Whistle-blower's Act."  Irwin should have relied upon Fla. Stat. § 112.3187 - the public agency "Whistle-blower's Act."

I will analyze Irwin's claims under Fla. Stat. § 112.3187 since he is making allegations against public agency employees.  Irwin has not produced any evidence indicating that retaliatory actions were taken against him regarding the treatment of his employment application with Miami-Dade Public County School System.  Furthermore, allegations made using Fla. Stat. § 112.3187 are not actionable against defendants Rothstein and Schere.  In *De Armas v. Ross* the court answered the question whether it was appropriate to apply Fla. Stat. § 112.3187 to public agency employees sued in their official and individual capacities.  *De Armas v. Ross*, 680 So. 2d 1130, 1131 (Fla. 3d DCA 1996).  The court stated that it was inappropriate to sue these employees in their individual capacity.  *De Armas,* 680 So. 2d at 1131.  The court also stated that it was inappropriate to sue individuals in their official capacity when the governmental agency is also sued.  *Id*. at 1132.  Irwin has sued the Miami-Dade County School Board for gross negligence and wilful misconduct.  (Second Amended Complaint ¶ 363).  Since Irwin is suing defendants in their individual and official capacities and has already sued the government agency

employing them, he fails to make a negligence *per se* claim against Rothstein and Schere under Fla. Stat. § 112.3187.

Irwin asserts an additional negligence *per se* claim against Rothstein and Schere, relying upon Florida's Wrongful Combinations Against Workers Statute. Fla. Stat. § 448.045. The pertinent part of the statute states: "If two or more persons shall agree, conspire, combine, or confederate together for the purposes of preventing any persons from procuring work in any firm or corporation . . . *such persons so combining shall be deemed guilty of a misdemeanor of the first degree*, punishable as provided in s. 755.082 or s. 775.083." Fla. Stat. § 448.045 (emphasis added). This statute provides for a criminal punishment, and does not discuss civil remedies. In *Morrison v. Morgan Stanley Properties*, the court found that Fla. Stat. § 448.045 did not apply to a private cause of action. *Morrison v. Morgan Stanley Prop.*, No. 06-80751, 2007 WL 2316495, at * 10 (S.D. Fla. Aug. 9, 2007) ("When a criminal remedy is available, and no civil remedy is assigned, it is not assumed that a civil remedy exists"). Since Fla. Stat. § 448.045 cannot be sued upon in a private cause of action, this claim must fail.

Irwin brings his last negligence *per se* claim under Fla. Stat. § 231.29(1)(a). Fla. Stat. § 231.291(1)(a) was repealed; therefore, I will analyze Irwin's claim under Fla. Stat. § 1012.31 (1)(a) (2002). Fla. Stat. § 231.291, repealed by Laws 2002, c. 2002-387, § 1058, eff. Jan 7, 2003. Fla. Stat. § 1012.31(1)(a) provides: "Except for materials pertaining to work performance or *such other matters* that may be cause for discipline, suspension, or dismissal under laws of this state, no derogatory materials relating to an employee's conduct, service, character, or personality shall be placed in the personnel file of such employee." Fla. Stat. § 1012.31(1)(a) (emphasis supplied). Irwin does not allege that derogatory remarks were placed in his file for a reason other than the alleged discipline taken by the school board. Since Irwin cannot point to specific

derogatory remarks that were made outside of the actions taken by the Miami-Dade School Board, his negligence *per se* claim under Fla. Stat. § 1012.31 must fail.

Irwin asserts a claim of fraud against the defendants. In Florida, the essential elements needed for a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false: (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. *Lopez-Infante v. Union Cent. Life Ins.* Co, 809 So. 2d 13,14 (Fla. 3d DCA 2002). While it is conceivable that Irwin could allege that Defendants Rothstein and Schere made a false statement, he has not shown that he relied on any of their statements. The facts of the case show that Irwin did not believe any of the statements made by the defendants. On October 27, 2003, Rothstein stated to Irwin: "There is insufficient evidence to substantiate the complaint you filed; therefore, your case has been closed and no further action will be taken." (Second Amended Complaint ¶ 105). Irwin sought to contest his employment application grievance instead of relying on Schere's claim that Irwin did not have a valid complaint. After investigating the validity of Irwin's Chapter 120 Hearing, Schere stated to Irwin: "[i]t's unfortunate that you misunderstood the employment application." (Second Amended Complaint ¶ 117). Once again, instead of relying on Schere's statement, Irwin sought alternative forums to challenge his employment grievance. Since Irwin cannot satisfy the essential element of reliance, Irwin fails to state a fraud claim.

Irwin asserts a claim for intentional infliction of emotional distress against defendants Rothstein and Schere. The essential elements needed to assert a claim for intentional infliction of emotional distress are:

(1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his

> behavior when he knew or should have known that the emotional distress would likely result;
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
> (3) the conduct caused emotion [sic] distress;
> (4) and the emotional distress was severe.

*LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004).

The *LeGrande* court further analyzed the meaning of outrageous, choosing to apply the Restatement of Torts definition: "conduct as that which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *LeGrande,* 889 So. 2d at 995 (quoting Restatement 2d of Torts, § 46 (1965). The standard is clearly objective. While Irwin might be very offended with Rothein and Schere's actions and statements, their actions and comments are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. Since Irwin cannot demonstrate that the defendants' behavior was outrageous, he fails to assert an intentional infliction of emotional distress claim.

## IV. CONCLUSION

For the reasons set forth above, Defendants Susan Rothstein and Madelyn Schere's Motion to Dismiss [D.E. 222] is denied and their Motion for Summary Judgment [D.E. 447] is granted.

**DONE AND ORDERED** in Miami, Florida, this 24th day of February 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:

Honorable Ted E. Bandstra

All counsel of record

Ralph Irwin, *pro se* Plaintiff