FUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.*,

    *Defendants*.
_____/

### ORDER GRANTING DEFENDANTS FLORIDA DEPARTMENT OF LAW ENFORCEMENT AND GERALD BAILEY'S MOTION TO DISMISS

This matter is before me on Defendants Florida Department of Law Enforcement ("FDLE") and Gerald Bailey's ("Bailey") Motion to Dismiss Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 226]. For the reasons stated below, the Motion to Dismiss is granted.

### I. BACKGROUND

*Pro se* Plaintiff Irwin filed his Second Amended Complaint [D.E. 192], seeking, *inter alia*, damages from Defendants FDLE and Bailey. FDLE is responsible for gathering criminal records, histories, and all pertinent data regarding individuals. *Walker v. Fla. Dep't of Law Enforcement*, 845 So. 2d 339, 340 (Fla. 3d DCA 2003). FDLE provides criminal identification screening services to identify persons with criminal warrants, arrests, and convictions. Bailey was the Commissioner of FDLE.

Irwin brings a claim against FDLE pursuant to 42 U.S.C. § 1983 and argues that FDLE violated his First, Fifth, and Fourteenth Amendment rights. He alleges that FDLE released his

expunged record to the Miami-Dade Police Department (M-DPD) in violation of Florida statutory requirements. (Second Amended Complaint ¶ 68). He claims that FDLE harmed him by using the "false and defamatory" term "criminal information expunged" when reporting his record to employers, rather than using the term stipulated by the statute, "criminal history record ordered expunged." (*Id.* at ¶ 223). Irwin also argues that, because the FDLE report did not show the charge, its date, or severity, the "employer must assume the worst." (*Id.* at ¶ 71).

Irwin brings state tort and 42 U.S.C. § 1983 claims against Bailey. He argues that Bailey is liable in his individual capacity, as FDLE Commissioner, and is also jointly and severally liable for the conduct of the employee who released a copy of his record to the M-DPD. (Second Amended Complaint ¶¶ 38, 230).

In his response to Defendants' Motion to Dismiss, Irwin makes new assertions and raises additional constitutional violations, which were not stated in his Second Amended Complaint.[1] Specifically, he raises new Fourth, Fifth, and Fourteenth Amendment violations.

## II.  LEGAL STANDARD - *Fed. R. Civ. P.* 12(b)(6)

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears

---

[1] When a *pro se* Plaintiff asserts new allegations in a response to a motion, typically the court should grant leave to amend to add those allegations to the Complaint. In this instance, however, I find that it is unnecessary to allow Irwin to amend because, as will be discussed below, the additional allegations are insufficient to support the new causes of action raised in the response.

beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); see also *Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . pro se complaint 'however inartfully pleaded'must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

### III.  ANALYSIS

#### A.  Section 1983 Claim Against the Florida Department of Law Enforcement

FDLE's Motion to Dismiss is granted because FDLE does not qualify as a "person" as required by 42 U.S.C. § 1983. A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by *a person* acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419-20 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983). A state and its agencies are not "persons" within the meaning of § 1983. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Irwin's allegations against FDLE brought under § 1983 fail to state a claim since he does not (and cannot) assert that the acts complained of were committed by a person.

Moreover, an action brought in federal court against a state or one of its agencies is barred by the Eleventh Amendment. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As FDLE is a state agency, Irwin's claims against FDLE are barred by the Eleventh Amendment. Accordingly, FDLE's Motion to Dismiss is granted as to Irwin's § 1983 claims.

Even assuming that Irwin could bring a § 1983 claim against FDLE, no constitutional violation occurred when FDLE allegedly referred to Irwin's record as "criminal information expunged" rather than "criminal history record ordered expunged." Irwin has not pointed to any statutory language that mandates that FDLE use certain wording when reporting records. In addition, "criminal history information" is defined as "information collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof." Fla. Stat. § 943.045(4). Irwin's arrest record would fall into this statutory definition of "criminal history information," a phrase that is akin to the allegedly problematic term "criminal information." The phrase "criminal information expunged" does not penalize an applicant any more than if his record was titled "criminal history record ordered expunged." Even if Irwin could bring suit against FDLE, which he cannot, he still has not alleged an adequate deprivation of his constitutional rights.

**B. State Tort Claims Against the Florida Department of Law Enforcement**

In Irwin's Response to FDLE and Bailey's Motion to Dismiss, he asserts several new state law claims, which were not present in his Second Amended Complaint. Normally, I would disregard the new allegations and analyze the Defendants' Motion to Dismiss under the assertions set forth in the Second Amended Complaint. *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007 (noting that a plaintiff may not supplant allegations made

in their complaint with new allegations raised in a response to a motion to dismiss); *accord Walker v. City of Orlando*, No. 07-651, 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss). This case, however, involves a *pro se* plaintiff; therefore, the court must liberally construe Irwin's response. When *pro se* plaintiffs raise additional allegations in their filings, these allegations should be construed as a motion to amend the complaint, and the motion should be granted. *Newsome v. Chatham County Detention Ctr.*, 256 Fed. App'x 342, 344 (11th Cir. 2007). The court, in a *pro se* case, should generally allow the plaintiff leave to amend his complaint.

I am, nonetheless, denying Irwin leave to amend his complaint for two distinct reasons. First, Irwin has already had two opportunities to allege new facts or law, which were not included in his original complaint. Irwin filed his Complaint on December 15, 2006, his First Amended Complaint on July 2, 2007, and his Second Amended Complaint on October 10, 2007. In addition to having opportunities to assert his new claims, Irwin also had ample time to make his assertions since over twenty-one months expired between his initial complaint and his Second Amended Complaint. Irwin should have included his additional claims in either his First or Second Amended Complaint, not in his response to Defendant's Motion to Dismiss. Second, even if Irwin were permitted to introduce new state law claims, these new claims would fail.

Irwin has alleged several violations of Florida statutes under a theory of negligence *per se*. He contends that FDLE violated Fla. Stat. §§ 768.72(2)(b); 488.102; 447.503; 435.06; 435.09; 435.10; 435.11(a),(b); 448.045; 768.095; 760.10(1-5),(7),(8); 760.01-11; 1000.05(2)(a); and 435.04.[2]

---

[2] Irwin also asserts violations of Fla. Stat. §§ 120.52(8); 120.569; and 120.57(1)(e)(2). These statutes pertain to procedures for administrative disputes and hearings and are wholly inapplicable to this case.

(Pl.'s Resp. to Mot. to Dismiss p. 27). These statutes do not aid Irwin in asserting a state tort claim.

FDLE is an agency of the state. Irwin cannot assert state tort claims against an arm of the state in federal court, unless there has been an "explicitly and definitely stated waiver" of Eleventh Amendment immunity. Fla. Stat. § 768.28(18); s*ee also Hamm v. Powell*, 874 F.2d 766, 770 n.3 (11th Cir. 1989). Irwin asserts violations of several Florida statutes; however, he does not claim that there is a waiver of Eleventh Amendment immunity with respect to these statutes. Even if Irwin did not face an Eleventh Amendment bar to the statutory violations he cites, none of the statutes are applicable to his case against these Defendants.

Many of the statutes Irwin cites are inapplicable to his case against FDLE because they require an employment relationship and FDLE never employed Irwin. For example, Irwin sues FDLE under Fla. Stat. § 448.102, which states: "An employer may not take any retaliatory personnel action against an employee because the employee has. . . disclosed, or threatened to disclose, to any appropriate governmental agency . . . an activity, policy, or practice of the employer that is in violation of a law, rule or regulation."[3] It is clear that this statute seeks to protect employees who report workplace violations. Irwin was never an FDLE employee; therefore, allegations made using Fla. Stat. § 112.3187 are not actionable against FDLE. The claims Irwin asserts based on Fla. Stat. §§ 447.503, 435.06, 435.09, 435.10, 435.11 similarly fail due to a lack of an employment relationship between Irwin and FDLE.[4]

---

[3] This is the private employer "Whistle-blower's Act." Irwin should have relied upon Fla. Stat. § 112.3187 - the public agency "Whistle-blower's Act."

[4] Fla. Stat. § 447.503 sets forth procedural requirements for fair labor practice disputes brought under Fla. Stat. § 447.501. Fla. Stat. § 435.06 addresses when an employee can be terminated for failure to comply with an employment screening and actions that must be taken if an employee does not meet screening criteria. Fla. Stat. § 435.09 seeks to prevent employers from impermissibly using employees' criminal records. Fla. Stat § 435.10 governs the sharing of information among employers. Fla. Stat. § 768.095 applies to an employer who releases information

Irwin also asserts a negligence *per se* claim under Fla. Stat. § 435.11(a),(b). Fla. Stat. § 435.11 states:

> (1) It is a misdemeanor of the first degree . . . for any person to willfully, knowingly, or intentionally to:
> (a) fail . . . to disclose in any application . . . a material fact used in making a determination as to such person's qualifications for a position of special trust.
> (b) Use records information for purposes other than screening for employment or release information to other persons for purposes other than screening for employment.

Fla. Stat. § 435.11(a).

Based on a plain reading, subsection (a) applies to an employee submitting an application for employment. This subsection would not apply to FDLE. Subsection (b) also does not apply against FDLE because FDLE did not use Irwin's information in any way other than storing and releasing Irwin's arrest record pursuant to Fla. Stat. § 943.0585(4)(c). Therefore, Irwin is unable to rely on Fla. Stat. § 435.11 in making a negligence *per se* claim.

Irwin appears to assert that FDLE has violated Fla. Stat § 768.72, which provides a procedural framework for punitive damages. It states: "The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual . . . but liability shall not include punitive damages or interest for the period before judgment." Fla. Stat. § 768.28(5). Because FDLE is a state agency, Irwin cannot seek punitive damages against FDLE.

Irwin asserts an additional negligence *per se* claim against FDLE, relying on Florida's Wrongful Combinations Against Workers Statute. The pertinent part of the statute states: "If two or more persons shall agree, conspire, combine, or confederate together for the purpose of preventing any persons from procuring work in any firm or corporation . . . such persons so combining shall be

---

concerning a current or former employee. Fla. Stat. § 760.10 discusses unlawful actions by an "employer, employment agency, labor organization, or joint labor-management committee."

deemed guilty of a misdemeanor of the first degree, punishable as provided in s. 755.082 or s. 775.083." Fla. Stat. § 448.045. This statute provides for a criminal punishment, and does not discuss civil remedies. In *Morrison v. Morgan Stanley Properties*, the court found that Fla. Stat. § 448.045 did not apply to a private cause of action. *Morrison v. Morgan Stanley Prop*., No. 06-80751, 2007 WL 2316495, at * 10 (S.D. Fla. Aug. 9, 2007) ("When a criminal remedy is available, and no civil remedy is assigned, it is not assumed that a civil remedy exists"). Since Fla. Stat. § 448.045 cannot be relied upon in a private cause of action, Irwin's claim must fail.

Irwin alleges that FDLE is liable under Fla. Stat. § 760.01-11, the "Florida Civil Rights Act of 1992." The purpose of the "Florida Civil Rights Act of 1992" is to "secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest . . ." Fla. Stat. § 760.01(2). Irwin has not sufficiently alleged discrimination against FDLE. Irwin does not state that FDLE released his expunged arrest record because of his "race, color, religion, sex, national origin, age, handicap, or marital status." *Id.* Since Irwin has not asserted discrimination by FDLE, he cannot sue under Fla. Stat. § 760.10.

Irwin also alleged that FDLE violated Fla. Stat. § 1000.05(2)(a), the "Florida Educational Equity Act." Fla. Stat. § 1000.05(2)(a) also provides protection from "[d]iscrimination on the basis of race, ethnicity, national origin, gender, disability, or marital status against a student or an employee in the state system of public K-20 education. . ." The purpose of the "Florida Educational Equity Act" is to "provide by law for a state system of schools, courses, classes, and educational institutions and services adequate to allow, for all [of] Florida's students, the opportunity to obtain a high quality education." Fla. Stat. § 1000.01(3). First, Irwin does not allege that he was discriminated against upon the grounds stated in the statute. Second, this statute provides for

freedom from discrimination in an educational setting. The statue does not seek to regulate FDLE or protect individuals from discrimination by this agency. Therefore, Irwin cannot sue FDLE for negligence *per se* under Fla. Stat. § 1000.05(2)(a).

Irwin also relies upon Fla. Stat. § 435.04 to bring a negligence *per se* action. Fla. Stat. § 435.04 states: "All employees in positions designated by law as positions of trust or responsibility shall be required to undergo security background investigations as a condition of employment and continued employment." Section 435.04 compels background investigations, including statewide criminal record checks for employees in certain positions. This statute does not aid Irwin. To the contrary, Fla. Stat. § 435.04 weakens Irwin's claim that FDLE violated his statutory and constitutional rights since it compels background checks for certain employees. Therefore, Irwin may not rely upon Fla. Stat. § 435.04 in making a claim against FDLE.

### C. Section 1983 Claims Against Commissioner Bailey

Irwin sues Bailey in his individual capacity, alleging that Bailey violated his privacy rights by releasing his expunged criminal arrest record. (Second Amended Complaint ¶ 236). Irwin asserts: "[a]n innocent person has a legitimate expectation to believe that by expunging their dismissed arrest record, that it would no longer be a hindrance in their pursuit for employment. Bailey's policies and practices prove this assumption to be completely false." (Second Amended Complaint ¶ 237). Irwin claims that Bailey violated his First, Fifth, and Fourteenth Amendment rights, and that 42 U.S.C. § 1983 provides a remedy. (Second Amended Complaint ¶ 240).

Qualified immunity protects government officials performing discretionary functions from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). Qualified immunity is an entitlement not to stand trial under certain

circumstances. *Mitchell v. Forsyth*, 472 U.S. 511, 517-28 (1985). "Unless a plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*. at 526. Thus, qualified immunity protects government actors in their individual capacities from civil claims against them.

Bailey is entitled to qualified immunity from Irwin's claim that he violated 42 U.S.C. §1983. Irwin has not demonstrated that Bailey violated clearly established statutory constitutional rights because there is no right to privacy in his expunged criminal record. Circuit courts have held that there is no constitutional right to privacy in one's criminal record. *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996), *cert denied*, 519 U.S. 1008 (1996). "Nondisclosure of one's criminal record is not one of those personal rights that is 'fundamental' or 'implicit' in the concept of ordered liberty." *Id*. Additional courts have held that public disclosure of expunged criminal history does not violate a constitutional right to privacy. *Eagle v. Morgan*, 88 F.3d 620, 626 (8th Cir.1996) ("An expunged arrest and/or conviction is never truly removed from the public record and thus is not entitled to privacy protection." *Id*. (quoting *Nilson v. Layton*, 45 F.3d 369, 372 (10th Cir.1995)).

In addition to being unable to assert the violation of a constitutional right, there also was no clearly established statutory right to privacy in an expunged record. According to Florida Statute § 943.0585(4)(a)(6), a person with an expunged criminal history record may not lawfully deny or fail to acknowledge his expunged arrest when he is seeking to be employed or licensed by the Department of Education or any district school board. Fla. Stat. § 943.0585(4)(a)(6). FDLE and Bailey were not only authorized, but required, to disclose the existence of the expunged criminal history record for an applicant who sought to be employed by the Department of Education or school board. Fla. Stat. § 943.0585(4)(c).

### D. State Tort Claims Against Bailey

Irwin also brings state tort actions against Bailey, individually, for willful misconduct, gross negligence and negligence *per se*. He claims that Bailey is liable for the actions of an FDLE employee who released a copy of his expunged record to M-DPD, in violation of Fla. Stat.§§ 943.0585(4)(c) and 943.059. (Second Amended Complaint ¶ 230).

Irwin has not sufficiently alleged an injury resulting from the release of his record to M-DPD. According to the statutes that Irwin cites, a job applicant's expunged and sealed records can be disclosed to a criminal justice agency, Department of Education, or school board. *See* Fla. Stat. §§ 943.0585(4)(a)(1),(6); 943.059(4)(a)(1),(6). M-DPD is a criminal justice agency and is thus authorized to receive sealed and expunged criminal history information. Irwin has not alleged that FDLE or M-DPD released his record to any unauthorized agency under the statute. Because Bailey did not violate Fla. Stat. §§ 943.0585(4)(c) and 943.059, he did not breach his duty of care. Irwin cannot bring a state tort claim against Bailey based on gross negligence, willful misconduct, or negligence *per se*.

Irwin, in addition to the tort claims alleged in his second amended complaint, raises violations of the same statutes against Bailey as he alleged against FDLE. (Pl.'s Resp. to Mot. to Dismiss at 27). Irwin cannot sue Baily under these new tort law claims for the same reasons stated above with respect to FDLE.[5] Further, Irwin cannot sue Bailey under Fla. Stat. § 112.3187 because

---

[5] FDLE's Eleventh Amendment immunity does not apply to Bailey in his individual capacity. The punitive damages analysis concerning an exception for state agencies also does not apply to Bailey. However, Bailey is not subject to punitive damages because Irwin cannot sustain intentional misconduct or gross negligence claims against Bailey. *See* Fla. Stat § 768.72(2) (stating that a defendant may only be held liable if the trier of fact finds that the defendant was personally guilty of intentional misconduct or gross negligence).

he is making allegations against Bailey in his individual capacity.[6] In *De Armas v. Ross* the court answered the question whether it was appropriate to apply Fla. Stat. § 112.3187 to public agency employees sued in their official and individual capacities. *De Armas v. Ross*, 680 So. 2d 1130, 1131 (Fla. 3d DCA 1996). The court stated that it was inappropriate to sue these employees in their individual capacity. *Id.* The court also stated that it was inappropriate to sue individuals in their official capacity when the governmental agency for which they work is also sued. *Id*. at 1132. Irwin has sued the FDLE under Florida tort law. Since Irwin is suing Bailey in his individual and official capacities and has already sued the government agency employing him, he fails to make a negligence *per se* claim against Bailey under Fla. Stat. § 112.3187.

### E. Declaratory Judgment

In his Second Amended Complaint, Irwin seeks declaratory relief against defendants FDLE and Bailey for violations of his constitutional rights. (Second Amended Complaint ¶ 539). Declaratory judgment is inappropriate since Plaintiff fails to assert a *prima facie* case under §1983 or state tort law. The district court must first have a jurisdictional basis in order to provide declaratory relief. The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (a).

The Declaratory Judgment Act, standing alone, does not confer jurisdictional power upon the court. The analysis for whether there is a "case or controversy" for declaratory judgment is

---

[6] Although Irwin alleges a cause of action under Fla. Stat. § 448.102 (the private employer "Whistle-blower's Act"), he should have relied on Fla. Stat. § 112.3187, which is the public agency "Whistle-blower's Act."

similar to the "case and controversy" requirement under Article III of the Constitution. *Emory v. Peller,* 756 F.2d 1547, 1552 (11th Cir. 1985). The district court must be able to assert original and independent jurisdiction over the case in order to provide declaratory relief. The *Emory* court stated, "[t]hat is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id*. at 1552. Since the Plaintiff has failed to establish a *prima facie* case, the court lacks the original and independent jurisdiction necessary to provide declaratory relief.

### IV.  CONCLUSION

For the reasons set forth above, Defendants Florida Department of Law Enforcement and Gerald Bailey's Motion to Dismiss Second Amended Complaint [D.E. 226] is granted.

**DONE AND ORDERED** in Miami, Florida, this 24th day of February 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:
Honorable Ted E. Bandstra
All counsel of record
Ralph Irwin, *pro se* Plaintiff