UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.*,

    *Defendants*.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS
FLORIDA COMMISSION ON HUMAN RELATIONS,
DERICK DANIEL AND ANDREW GUY'S MOTION TO DISMISS
AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before me on a Motion to Dismiss the Second Amended Complaint filed by Defendants Florida Commission on Human Relations ("FCHR"), Derick Daniel, FCHR Executive Director ("Daniel"), and Andrew Guy, FCHR Investigator ("Guy") [D.E. 225] and on Defendants' Joint Motion for Summary Judgment [D.E. 445].  For the reasons that follow, Defendants' Motion to Dismiss is granted as to the claims brought against the FCHR; it is denied as to all other claims.  Defendants' Motion for Summary Judgment is granted in part as to the claims brought against Defendants Daniel and Guy and denied as moot in all other respects.

## I. BACKGROUND

*Pro se* Plaintiff Irwin filed his Second Amended Complaint ("Complaint") [D.E. 192], seeking, *inter alia*, declaratory and injunctive relief from FCHR, and damages, declaratory, and injunctive relief from Daniel and Guy.  FCHR is the Florida agency charged with enforcing the state's civil rights laws and preventing employment discrimination.  Daniel was the Executive

Director of FCHR, and Guy was an FCHR investigator.

Irwin's claims against FCHR, Daniel, and Guy are brought pursuant to 42 U.S.C. §1983.[1] (*See* Second Amended Complaint, Counts 40, 41, 42). Irwin alleges that FCHR never pursued or investigated any of his complaints against the Florida Department of Law Enforcement, Miami-Dade County Public Schools, Florida Department of Education, or Florida International University despite receiving his voluminous document submissions.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts " standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, pro se pleadings are

---

[1] Although Irwin labels Count 41 against Guy as a "State tort action," the allegations in the Count indicate that Irwin is bringing a § 1983 claim against Guy.

held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); see also *Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

### B. Motion for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth

specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### III. ANALYSIS

#### A. Claims Against the Florida Commission on Human Relations

A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 - 1420 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983). A state and its agencies are not "persons" within the meaning of § 1983. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Moreover, an action brought in federal court against a state or one of its agencies is barred by the Eleventh Amendment. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005); *Pennhurst State Sch. & Hosp.v. Halderman*, 465 U.S. 89, 100 (1984).

FCHR is a state agency. *See* FLA STAT. § 760.03-760.04 (2006).Irwin's allegations against FCHR brought under § 1983 fail to state a claim since Irwin does not (and cannot) assert that the acts complained of were committed by a person. Additionally, Irwin's claims are barred by the Eleventh Amendment. Accordingly, FCHR's Motion to Dismiss is granted and Irwin's claims against FCHR are dismissed with prejudice.

### B. Claims Against Executive Director Daniel and Investigator Guy In Their Individual Capacities

A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983).

Qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). Qualified immunity is an entitlement not to stand trial under certain circumstances. *Mitchell v. Forsyth*, 472 U.S. 511, 525-28 (1985). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*. at 526. Thus, qualified immunity protects government actors in their individual capacities from civil claims against them.

Irwin sues Daniel in his individual capacity, alleging that Daniel "refused to officially accept, file and investigate" his discrimination and civil rights violation complaints against the

School Board, FDOE, and FIU. (Second Amended Complaint ¶ 466). Irwin alleges that Daniel intended to preserve and cover up the other defendants' unlawful action. With respect to Guy, Irwin alleges that Guy also "failed to officially accept, file and investigate" his many complaints. (Second Amended Complaint ¶ 460). As with Daniel, Irwin claims that Guy preserved and covered up other defendants' unlawful actions. (Second Amended Complaint ¶ 464). Irwin claims that Daniel and Guy violated his First, Fifth, and Fourteenth Amendment rights, and that 42 U.S.C. §1983 provides a remedy. (Second Amended Complaint ¶¶ 468, 464).

In other words, Irwin alleges that Daniel and Guy acted outside the scope of their discretionary authority. Given that *pro se* pleadings are to be construed liberally, the facts alleged, taken in the light most favorable to Irwin, appear to establish that Daniel and Guy violated Irwin's constitutional rights. Accordingly, a determination of whether Daniel and Guy are entitled to qualified immunity is premature at the motion to dismiss stage.

### B. Motion for Summary Judgment

Daniel and Guy are entitled to summary judgment under Rule 56(c). Irwin alleges § 1983 violations under the First, Fifth, and Fourteenth Amendments. Irwin's allegations, even if taken as true, do not bring a First Amendment claim. Irwin fails to assert a First Amendment violation because the speech he seeks to assert is not protected under the Constitution. The Eleventh Circuit has chosen to apply the *Bryson* test to determine whether speech is protected under the First Amendment. *Tindal v. Montgomery County Comm'n*, 32 F.3d 1535, 1539-40 (11th Cir. 1994); *see also Badia v. City of Miami*, 133 F.3d 1443, 1446 (11th Cir. 1998) (citing *Bryson v. City of Waycross*, 888 F.2d 1562, 1565-66 (11th Cir. 1989)). The test seeks to determine whether the allegedly protected speech is a matter of public concern. *Tindal*, 32 F.3d at 1539 ("We have held that no First Amendment protection attaches to speech that - for personal benefit

- exposes *personally* suffered harassment or discrimination") (emphasis in original). Irwin's First Amendment claim fails under the *Bryson* test because the speech he wishes to express is for his own benefit and concerns the discrimination he allegedly personally suffered. He hopes to have the opportunity to clear his name and obtain employment as an educator. Irwin's proposed speech is not constitutionally protected. Therefore, Irwin has not asserted a violation of his First Amendment Rights.

Irwin also fails to state a § 1983 violation under the Fourteenth Amendment. According to the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To establish a violation, a plaintiff must demonstrate that (1) he had constitutionally protected interest, and (2) "that government deprived him of that interest for improper motive and by means that were pretextual, arbitrary and capricious." *Mackenzie v. City of Rockledge*, 920 F.2d 1554, 1558 (11th Cir. 1991). Irwin fails to show that the defendants deprived him of a protected interest for improper motive. The evidence before me shows that Daniel and Guy investigated Irwin's complaints to the extent they were able. Daniel mailed Irwin a letter informing him that his complaints had been treated as three separate cases. (Mot. for Summ. J. Ex. H). Two of the three cases were not within FCHR's jurisdiction and were thus referred to the Equal Employment Opportunity Commission. *Id.* The third was closed because the complaint was untimely and because Irwin did not have an employer-employee relationship with the entity he was complaining about. *Id.* Irwin was similarly informed by other FCHR employees, including Guy, that his complaints were insufficient either because they were untimely or because he was not employed by the particular agency he filed the complaint against. (Mot. for Summ. J. Ex. C, G). There are no genuine issues of fact that could go to a jury on this claim.

### C.  State Tort Claims

In Irwin's Response to FCHR, Daniel, and Guy's Joint Motion to Dismiss, he asserts several new state law claims, which were not present in his Second Amended Complaint. Normally, I would disregard the new allegations and analyze the Defendant's Motion to Dismiss under the assertions set forth in the Second Amended Complaint.  *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044, 2007 WL 997362 at *4 (S.D. Fla., Mar. 27, 2007 (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); *accord Walker v. City of Orlando*, No. 07-651, 2007 WL 1839431 at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss). This case, however, involves a *pro se* plaintiff; therefore, the court must liberally construe Irwin's response.  When *pro se* plaintiffs raise additional allegations in their filings, these allegations should be construed as a motion to amend the complaint, and the motion should be granted.  *Newsome v. Chatham County Detention Ctr.*, 256 Fed. App'x 342, 344 (11th Cir. 2007).  The court, in a *pro se* case, should generally allow the plaintiff leave to amend his complaint.

I am, nonetheless, denying Irwin leave to amend his complaint for two distinct reasons. First, Irwin has already had two opportunities to allege new facts or law, which were not included in his original complaint.  Irwin filed his original Complaint on December 15, 2006, his First Amended Complaint on July 2, 2007, and his Second Amended Complaint on October 10, 2007. In addition to having opportunities to assert his new claims, Irwin also had ample time to make his assertions since over twenty-one months expired between his initial complaint and his Second

Amended Complaint. Irwin should have included his additional claims in either his First or Second Amended Complaint, not in his response to Defendant's Motion to Dismiss. Second, even if Irwin were permitted to introduce new state law claims, these new claims would fail.

Irwin alleges, in his Response to Defendant's Motion to Dismiss, that Daniel and Guy violated several Florida statutes and committed torts. The only torts that the court can make out are gross or wanton negligence, negligence *per se*, fraud, and intentional infliction of emotional distress. Given Irwin's deposition testimony and the statutes upon which he relies, it is clear that the additional claims he is attempting to assert are frivolous.

Irwin seems to assert a negligence claim for gross or wanton conduct against Daniel and Guy. Florida courts recognize both gross and wanton negligence. "Gross negligence has been defined as the equivalent of slight care, that course of conduct which a reasonable and prudent person would know would probably and most likely result in injury to person or property." *Farrell v. Fisher*, 578 So. 2d 407, 409 (Fla. 4th DCA 1991). "Wanton negligence, on the other hand, is *no* care or the absence of any care and is only one degree removed from willful misconduct." *Id.* at 995 (emphasis in original). Under either form of negligence, the defendant mush breach a duty of care; the deciding factor between the two is exactly what amount of care was breached.

Regardless of the negligence standard, Irwin fails to assert a valid negligence claim against these defendants. All the evidence in the record thus far shows that Daniel and Guy did not breach a duty. The undisputed evidence in the record shows that Daniel and Guy reviewed Irwin's complaints and determined that they were deficient. (Mot. for Summ. J. Ex. C, G, H). Defendants' determination that Irwin failed to present a valid discrimination complaint does not amount to a breach of duty.

Irwin asserts that Defendants Daniel and Guy committed negligence *per se* and cites the following statutes in support of his assertion: Fla. Stat. §§ 20.50, 443.012, 443.151, 443.171, 768.72(2)(b), 448.102, 447.503, 435.06, 448.045, 760.10, 760.01-760.11, 120.52(8), 120.569, 120.57(1)(e)(2), and 1000.05(2)(a).[2] None of these statutes provide a basis for relief.

Fla. Stat. § 448.102 states: "A[n] employer may not take any retaliatory personnel action against an employee because the employee has. . . disclosed, or threatened to disclose, to any appropriate governmental agency . . . an activity, policy, or practice of the employer that is in violation of a law, rule or regulation." This is the private employer "Whistle-blower's Act." Irwin cannot sue Daniel and Guy under this statute because he does not have an employer-employee relationship with these defendants.

Irwin asserts that Daniel and Guy violated Fla. Stat. § 447.503, which sets forth procedural requirements for a fair labor practice dispute brought under Fla. Stat. § 447.501. Section 447.503 does not seem to apply to this case as the statute focuses on labor unions. The intent of Chapter 447, Florida Statutes, is "to regulate the activities and affairs of labor unions, their officers, agents, organizers and other representatives, in the manner, and to the extent hereafter set forth." Fla. Stat. § 447.01(2). Based on the record, there does not appear to be a labor union involved in Irwin's dispute. Therefore, I find that this statute is not applicable to Irwin's case against Daniel and Guy.

Fla. Stat. § 435.06 addresses when an employee can be terminated for failure to comply

---

[2] Irwin's reliance on Fla. Stat. §§ 20.50; 443.012, 443.151; and 443.171 is misplaced. These statutes address the organization, procedure, powers, and duties for the Agency for Workforce Innovation and the Unemployment Appeals Commission. Irwin has not alleged that he was denied unemployment compensation. Irwin's reliance on Fla. Stat. §§ 120.52(8), 120.569 and 120.57(1)(e)(2) is also misplaced. These statutes address procedures for disputes before an administrative law judge and when an agency may act upon unadopted rules. These statutes are not applicable to Irwin's case.

with an employment screening and actions that must be taken if an employee does not meet screening criteria. This statute does not assist Irwin in asserting a negligence *per se* claim against Daniel and Guy because these defendants were not Irwin's employers and were not in a position to terminate him from any job.

Irwin asserts a negligence *per se* claim against Daniel and Guy, relying upon Florida's Wrongful Combinations Against Workers Statute, Fla. Stat. § 448.045. The pertinent part of the statute states: "If two or more persons shall agree, conspire, combine, or confederate together for the purposes of preventing any persons from procuring work in any firm or corporation . . . *such persons so combining shall be deemed guilty of a misdemeanor of the first degree*, punishable as provided in s. 755.082 or s. 775.083." Fla. Stat. § 448.045 (emphasis added). This statute provides for a criminal punishment, and does not discuss civil remedies. In *Morrison v. Morgan Stanley Properties*, the court found that Fla. Stat. § 448.045 did not apply to a private cause of action. *Morrison v. Morgan Stanley Prop.*, No. 06-80751, 2007 WL 2316495, at * 10 (S.D. Fla. Aug. 9, 2007) ("When a criminal remedy is available, and no civil remedy is assigned, it is not assumed that a civil remedy exists"). Since Fla. Stat. § 448.045 cannot be sued upon in a private cause of action, Irwin's claim must fail.

Irwin also brings a negligence *per se* claim under Fla. Stat. § 760.10. This statute discusses unlawful actions by an "employer, employment agency, labor organization, or joint labor-management committee." Fla. Stat. § 760.10. It provides: "It is an unlawful employment practice for an employer . . . to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a). Again, Irwin cannot sue Daniel and Guy under this statute because they were not his employers.

Irwin further alleges that Daniel and Guy are liable under Fla. Stat. § 760.01-11, the "Florida Civil Rights Act of 1992." The purpose of the "Florida Civil Rights Act of 1992" is to "secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest . . ." Fla. Stat. § 760.01(2). Irwin cannot allege discrimination against Daniel and Guy. The evidence before me shows that Daniel and Guy reviewed Irwin's complaints as they were supposed to do. Thus, Irwin cannot sustain a claim under the Florida Civil Rights Act against Daniel and Guy.

Irwin alleges that Daniel and Guy violated Fla. Stat. § 1000.05(2)(a), the "Florida Educational Equity Act." Fla. Stat. § 1000.05(2)(a) also provides protection from "[d]iscrimination on the basis of race, ethnicity, national origin, gender, disability, or marital status against a student or an employee in the state system of public K-20 education . . . ." Irwin cannot sue Daniel and Guy under Fla. Stat. § 1000.05(2)(a) because they are not Irwin's employers and they are also not affiliated with the public education system.

Irwin asserts a fraud claim against the defendants. In Florida, the essential elements needed for a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false: (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. *Lopez-Infante v. Union Cent. Life Ins.* Co, 809 So. 2d 13,14 (Fla. 3d DCA 2002). While it is conceivable that Irwin could allege that Defendants Daniel and Guy made false statements, he has not shown that he relied on any of their statements. To the contrary, the facts show that Irwin did not believe any of Defendants' statements. Instead of relying on whatever statements Daniel and Guy could have made to him, Irwin sought alternative forums to challenge

his employment grievance. Since Irwin cannot satisfy the essential element of reliance, Irwin fails to state a fraud claim.

Irwin asserts a claim for intentional infliction of emotional distress against defendants Nosti and Osborne. The essential elements needed to assert a claim for intentional infliction of emotional distress are:

> (1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that the emotional distress would likely result;
> (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
> (3) the conduct caused emotion [sic] distress;
> (4) and the emotional distress was severe.

*LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004).

The *LeGrande* court further analyzed the meaning of outrageous, choosing to apply the Restatement of Torts definition: "conduct as that which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *LeGrande,* 889 So. 2d at 995 (quoting Restatement 2d of Torts, § 46 (1965). The standard is clearly objective. While Irwin might be very offended with Daniel and Guy's actions and statements, their actions and comments are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. Since Irwin cannot demonstrate that the defendants' behavior was outrageous, he fails to assert an intentional infliction of emotional distress claim.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss [D.E. 225] is granted in part as to the claims brought against FCHR and denied in part as to the claims brought against Daniel and Guy.

Defendants' Joint Motion for Summary Judgment [D.E. 445] is granted in part as to the claims brought against Daniel and Guy and denied as moot in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:

Honorable Ted E. Bandstra

All counsel of record

Ralph Irwin, *pro se* Plaintiff