UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-23029-CIV-COOKE/BANDSTRA

RALPH IRWIN

    *Plaintiff*,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.,*

    *Defendants*.
_____/

### ORDER GRANTING DEFENDANTS MCDANIEL, ALLEN, BLACK, AND NIFORTH'S MOTION TO DISMISS

This matter is before me on McDaniel, Allen, Black, and Niforth's Motion to Dismiss Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [D.E. 246]. For the reasons stated below, the Motion to Dismiss is granted.

### I. BACKGROUND

*Pro se* Plaintiff Ralph Irwin filed his Second Amended Complaint [D.E. 192] on October 10, 2007, seeking, *inter alia*, damages from Defendants Jerald McDaniel, Latoya Allen, David Black and Brenda Niforth, in their individual capacity. McDaniel and Allen were Investigators with the Miami District Office of the Equal Employment Opportunity Commission ("EEOC"). Black and Niforth were employees of the United States Department of Education's ("USDOE") Office of Civil Rights. Black was the Deputy Assistant Secretary for Enforcement and Niforth was a Compliance Team Leader with the USDOE. Irwin's claims against McDaniel, Black, and Niforth were brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

and focus on the alleged acts and omissions in connection with the handling of Plaintiff's complaints regarding abusive employment practices. Irwin's claim against Allen is brought under the Federal Tort Claims Act ("FTCA") and focuses on Allen's alleged failure to accept Irwin's discrimination complaints.

## I. LEGAL STANDARDS

### A. Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction)(citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . ." *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought, "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction – its authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.)

(1981), cert. denied, 454 U.S. 897 (1981)).

### B. Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.,* No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts " standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

I must also keep in mind that "[*p*]*ro se* pleadings are to be held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *see also Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A . . . *pro se* complaint 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

### III.   ANALYSIS

#### A. Federal Tort Act Claim Against Allen

Irwin brings an action against Allen under the Federal Tort Claims Act. He alleges that Allen

"subversively attempted to '*close-out*' all my many submitted-but-not-formally-accepted complaints by instructing me to sign her version of all my complaints - a short, nine-sentence charge form that contained incriminating, inaccurate and incomplete statements - written for the sole purpose for her to be able to easily justify informally '*dismissing*' all my complaints." (Second Am. Compl. ¶ 482) (emphasis in original). Irwin also alleges that Allen refused to accept and file his many discrimination complaints. *Id.* at ¶ 481. The FTCA is a broad waiver of sovereign immunity, by the United States, for torts committed by government actors. The FTCA allows an individual to sue for:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A § 1346(b)(1).

The FTCA provision stating "if a private person would be liable" is crucial in determining whether a plaintiff can bring a cause of action. This provision is echoed in 28 U.S.C. § 2674: "[t]he United States shall be liable, respecting the provision of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." The FTCA does not enlarge or extend liability; it merely affords the plaintiff a cause of action that sovereign immunity would normally bar. When determining whether a cause of action or defense exists under the FTCA, the district court should look to see whether there is an applicable cause of action under state law. *See Scheib v. Fla. Sanitarium & Benevolent Ass'n*, 759 F.2d 859, 863 (11th Cir. 1985) ("Under the Federal Tort Claims Act, the Government's waiver of immunity from suit for the negligent act or omissions of its employees, acting within the scope of their employment, was expressly limited to those instances where the United States would be liable if a private person 'under like circumstances' would be liable 'in accordance with the law of the place where the act or

omission occurred.'"). Therefore, in order for Irwin to state a cause of action under the FTCA, there must be a cause of action that he can assert under state law.

Irwin has not sufficiently alleged that Allen has committed a tort or violated a right which would be actionable under state law. When Allen asked Irwin to sign a shorter version of his complaints, she was merely trying to consolidate Irwin's complaints in a concise form. Irwin did not sign the shorter complaint form; therefore, Irwin was not harmed by Allen's actions. Further, Irwin admits the EEOC accepted his complaints: "[o]n or about August 30, 2006, Allen called me and stated that all my complaints were 'officially' filed - and that they would all be 'dismissed.'" (Second Am. Compl. ¶ 163). Allen did accept all of Irwin's complaints, but they were dismissed. Allen's determination that Irwin's complaints were insufficient or untimely does not constitute a tort.

The most analogous state agency to the EEOC is the Florida Commission on Human Relations ("FCHR"). Irwin would fail to state a cause of action against a private individual working for the FCHR. *See Gandy v. Daniel*, No. 1:07cv65-SPM/AK, 2007 WL 2698574, at *1 (N.D. Fla. Sept. 12, 2007) (stating "[t]his court does not sit as an appellate court for the decisions made by the FCHR."). I am unwilling to review Allen's determination that Irwin's complaints were insufficient or untimely. Other courts have found that the decisionmaking function of the EEOC should not be subjected to federal tort liability. *Phillips v. Potter*, No: 07-0894-CG-B, 2008 WL 2476870, at *3 (S.D. Ala. June 18, 2008). "Congress has not dictated the result that the EEOC must reach in processing a charge of discrimination. The EEOC's function of processing a charge of discrimination is the kind of administrative decisionmaking that Congress intended to shield from tort liability." *Id*. Thus, Irwin's FTCA claim against Allen fails.

### B.   *Bivens* Claims Against McDaniel, Black, and Niforth

McDaniel, Black, and Niforth's primary argument for summary judgment is based on their

assertion that Irwin's *Bivens* claims are foreclosed since Congress has provided for an adequate alternative remedy. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized the existence of a private right of action against government officials, in their individual capacity, for constitutional violations, despite the absence of any statute conferring such a right. A *Bivens* cause of action is foreclosed in two situations: (1) where a defendant is able to "demonstrate special factors counselling hesitation in the absence of affirmative action by Congress" and (2) where "Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." *Carlson v. Green*, 446 U.S. 14, 18-19 (1980) (emphasis in original) (quoting from *Bivens*, 403 U.S. at 396-97). For example, the existence of a right to judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et. seq.* ("APA"), is sufficient to preclude an individual from bringing a *Bivens* action. *Miller v. U.S. Dep't of Agric. Farm Servs. Agency*, 143 F.3d 1413, 1416 (11th Cir. 1998).

McDaniel, Black, and Niforth's analogize this case to *Schweiker v. Chilicky*, 487 U.S. 412 (1988). In *Schweiker*, plaintiffs challenged the disruption of their Social Security disability benefits, bringing their claims directly against the persons who denied the benefits. *Schweiker*, 487 U.S. at 414-19. The Court concluded that the extensive procedural structure that existed to afford persons denied benefits an opportunity to appeal such decisions foreclosed a *Bivens* cause of action. *Id.* at 414. The Court reasoned that this administrative appellate scheme was a Congressional substitute for recovery directly under the Constitution. *Id.* at 425. In a similar case, the Supreme Court declined to extend the *Bivens* doctrine to permit a claim to be brought by a federal employee against his employer. *Bush v. Lucas*, 462 U.S. 367, 368 (1983). Again, the Court focused on the comprehensive remedial structure which would provide the plaintiff the opportunity for a remedy

against his employer. *Id.* at 385. *Scheweiker* and *Bush* demonstrate that where a federal entity injures an individual in a context where a comprehensive remedial structure exists to redress the alleged wrong, a *Bivens* action against the individual employees of the federal entity is foreclosed.

In this case, Irwin has alleged that Defendants, who were employees of the EEOC or the USDOE, wronged him. Irwin claims that McDaniel, Black, and Niforth violated his First, Fifth, and Fourteenth Amendment rights through their acts of nonfeasance, malfeasance, fraudulent misrepresentation, gross negligence, and willful misconduct. *E.g.,* Second Am. Compl. ¶¶ 474-75 (alleging that McDaniel's inaction in handling Plaintiff's discrimination complaints violated his constitutional rights); ¶ 482 (claiming that Niforth failed to officially accept, file, and investigate complaints); ¶¶ 511, 536 (asserting that Black and Niforth failed to investigate Plaintiff's complaints and failed to comply with civil rights statutes). These allegations are within the ambit of the APA, and thus must be pled under the APA. *See* 5 U.S.C. § 706. Because Congress has provided an alternative remedy for Plaintiff's alleged injuries, it would be inappropriate to apply the judicially-created *Bivens* doctrine to this case. *See Miller*, 143 F.3d at 1416-17. Accordingly, Irwin has no cause of action against McDaniel, Black, and Niforth.

### C. Declaratory Judgment

In his second amended complaint, Irwin seeks declaratory relief. (Irwin's Second Am. Compl. ¶ 538). Declaratory judgment is only appropriate if Irwin asserts a *prima facie* case for his claims. The district court must first have a jurisdictional basis in order to provide declaratory relief. The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (a).

The Declaratory Judgment Act, standing alone, does not confer jurisdictional power upon the court. The analysis for whether there is a "case or controversy" for declaratory judgment is similar to the "case and controversy" requirement under Article III of the Constitution. *Emory v. Peller,* 756 F.2d 1547, 1552 (11th Cir. 1985). The district court must be able to assert original and independent jurisdiction over the case in order to provide declaratory relief. The *Emory* court stated, "[t]hat is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id*. at 1552. Since Irwin has failed to establish a *prima facie* case, the court lacks the original and independent jurisdiction necessary to provide declaratory relief.

## IV. CONCLUSION

For the reasons stated above, McDaniel, Allen, Black, and Niforth's Motion to Dismiss [D.E. 246] is granted. All counts brought against Defendants McDaniel, Allen, Black, and Niforth are dismissed.

**DONE AND ORDERED** in Miami, Florida, this 25TH day of February 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:
Honorable Ted E. Bandstra
All counsel of record
Ralph Irwin, *pro se* Plaintiff