**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 06-23029-CIV-COOKE/BANDSTRA**

RALPH IRWIN

     *Plaintiff,*

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS, *et al.*,

     *Defendants.*

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND**
**DENYING IN PART THEIR MOTION FOR SUMMARY JUDGMENT**

This matter is before me on the School Board of Miami-Dade County Florida (the "Board"), Evelyn Greer ("Greer"), Merrett Stierheim ("Stierheim"), Paul Philip ("Philip"), Lucy Iturrey ("Iturrey") and Janice Reineke's ("Reineke") joint motion to dismiss *pro se* plaintiff Ralph Irwin's ("Irwin") second amended complaint, pursuant to Federal Rules of Civil Procedure 8(a)(2); 10(b); 12(b)(6), and 12(e), [D.E. 228], and their motion for summary judgment, [D.E. 444]. For the reasons stated below, the motion to dismiss is granted in part and denied in part and the motion for summary judgment is granted in part and denied in part as moot.

### I. BACKGROUND

Irwin filed his second amended complaint [D.E. 192], seeking, *inter alia*, damages from the Board, Reineke, Iturrey, Philip, Stierheim, and Greer.

Irwin brings a claim against the Board pursuant to 42 U.S.C. § 1983 (Count 4) and argues that the Board violated his First, Fifth, and Fourteenth Amendment rights. (Irwin's Second Am.

Compl. 59).  He alleges that the Board did so by "maintaining and administering non-uniform methods and practices of employment screening and hiring," by failing to "collect 'arrest' information openly and consistently," by using many "ambiguous, conflicting, and deceptive questions and statements" in his employment application as a tool to discriminate unwanted applicants, and by refusing to clarify those questions.  (*Id*. at 59).  Irwin claims that the Board wrongly compelled him to provide it with a certified copy of his "expunged, non-public, non-prosecuted dismissed arrest record" and that false accusations were imposed upon him as a result.  (*Id*. at 60).  Irwin further alleges that the Board wrongfully conducted another government investigation into his arrest, and wrongfully requested the Florida Department of Education ("FDOE") to do the same.  (*Id*. at 60).  Irwin contends that the Board accused him of falsifying his application, consented to Reineke's theft of his personal documents, denied him his right to seek relief from unfair treatment, and denied him a Chapter 120 administrative hearing. (*Id*. at 60-61).

Irwin also sues the Board pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination (Count 5), for denying him the right to appeal the Board's unfavorable Civil Rights and Diversity Compliance's ("CRDC") investigation (Count 6); for failing to collect "arrest" information openly and consistently (Count 7), for significantly burdening "those members of society that have a higher percentage of arrests due to their race, color, sex, age and national origin" (Count 8), and for causing him to be terminated as an FIU employee (count 24).  (*Id*. at 62-66; 92-93); 42 U.S.C. § 2000e, *et seq*.

Irwin also asserts an age discrimination in employment claim against the Board (Count 9), and a gross negligence claim for disclosing his arrest record, releasing information contained

within to FIU (Count 26), and "conspiring" with FIU to cause his discharge (Count 27).  (*Id*. at 66-67; 94-95).

Irwin sues Reineke, who was the Principal at Homestead Middle Magnet School For Aviation and Aeronautics ("Homestead Middle"), in her individual capacity, pursuant to 42 U.S.C. § 1983, for denying him the opportunity to volunteer at Miami-Dade County Public Schools ("MDCPS") (Count 10), and for wrongly terminating Irwin's employment at Homestead Middle in retaliation for Irwin's various complaint against the MDCPS and the FDOE ( Count 23).  (*Id*. at 67-8; 90-92).  Finally, Irwin sues Reineke for conversion of a twenty-three-page file containing personal information and for possession of this file in violation of various state statutes (Count 25).  (*Id*. at 93-94).

Irwin sues Iturrey, who is District Director of the Office of Professional Services of the MDPCS, in her individual capacity, pursuant to 42 U.S.C. § 1983, for making and using false accusations that Irwin falsified his employment application as a pretext to discriminate against him (Count 11).  (*Id*. at 68-69).

Irwin also sues Philip, who was Chief of Staff for MDCPS, in his individual capacity, pursuant to 42 U.S.C. § 1983, for making false accusations that Irwin falsified his application and using them as a pretext to discriminate against him (Count 12).  (*Id*. at 69-70).

Irwin sues Stierheim, who was Superintendent of the Schools for MDCPS, in his individual capacity, pursuant to 42 U.S.C. § 1983, for denying him the right to appeal CRDC's unfavorable determination (Count 14).  (*Id*. at 71-72).

Irwin sues Greer, a School Board member, in her individual capacity, pursuant to 42 U.S.C. § 1983, for condoning and failing to remedy the Board's acts, and making deceptive and dishonest statements to evade responding to Irwin's requests (Count 16).  (*Id*. at 73-75).

Defendants move to dismiss all counts [D.E. 228].  Irwin filed a response opposing Defendants'motion to dismiss [D.E. 267], to which Defendants replied [D.E. 272].  Defendants also move for summary judgment [D.E. 444].  In his response [D.E. 473], Irwin requests that the summary judgment be granted in his favor.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:.(6) failure to state a claim upon relief can be granted."  "When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted."  *Holtzman v. B/E Aerospace, Inc.*, No. 07-80511, 2008 WL 214715, at *1 (S.D. Fla. Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001)("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)).   More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by

4

attorneys and must be liberally construed.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003);

see also *Faulk v. City of Orlando*, 731 F.2d 787, 789-90 (11th Cir. 1984) ("A *pro se* complaint

'however inartfully pleaded   must be held to 'less stringent standards than formal pleadings

drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

### B. Motion for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the

entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986).  "The moving party bears the initial burden to show the

district court, by reference to materials on file, that there are no genuine issues of material fact

that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to

the non-moving party to demonstrate that there is indeed a material issue of fact that precludes

summary judgment."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule

56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by

the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324.  Thus, the nonmoving

party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth

specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").   The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact remains.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied.  *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

### III. ANALYSIS

#### A. Motion to Dismiss

##### 1.  Shotgun Pleadings

Defendants allege that Irwin's second amended complaint should be dismissed because his pleadings are lengthy and incorporate the same factual allegations in all counts in violation of Rule 8(a) Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss Irwin's Second Am. Compl. 2).  The Eleventh Circuit condemns "shotgun" pleadings.  *Ambrosia v. Coal & Const. Co. v. Pages Morales*, 368 F. 3d 1320, 1331 n. 22 (11th Cir. 2004).  However,"Rule 8 requires that federal courts  give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss.  This admonition is particularly true when the parties are proceeding pro se."  *GJR Invs., Inc. v. County of Escambia, Fla*, 132 F.3d 1359, 1369 (11th Cir. 1998).  "Yet even in the case of *pro se* litigants this leniency does not give a court licence to serve as de facto counsel for a party."  *Id.*

1369.  After reviewing Irwin's second amended complaint, I nonetheless conclude that the

pleadings are not so vague and ambiguous that Defendants could not reasonably be expected to

frame a responsive pleading.  *See Morrison v. Morgan Stanley Props*, 2008 WL 149975, at * 3

(S.D. Fla., January 14, 2008).  His pleadings, however inartful they may be, set forth sufficient

factual allegations to give Defendants a reasonable delineation of the facts underlying Irwin's

claims.

### 2.  42 U.S.C. § 1983 Claims Against Iturrey, Philip, Stierheim, and Greer in their Individual Capacity

Defendants argue that they are insulated from § 1983 claims because of their qualified

immunity.  (Defs.' Mot. to Dismiss Irwin's Second Am. Compl. 6).  Qualified immunity protects

government officials performing discretionary functions from liability for civil damages if their

conduct does not violate "clearly established statutory or constitutional rights of which a

reasonable person would have known."  *Mitchell v. Forsyth*, 472 U.S. 511, 517 (1985).  Unless a

plaintiff's complaint states a claim for a violation of a clearly established law, a defendant is

entitled not to stand trial or face the burdens of litigation.  *Id*. at 526.

Irwin alleges that Iturrey and Philip used false accusations that Irwin falsified his

employment application as a pretext to discriminate against him.  (Irwin's Second Am. Compl.

68-70).  Irwin claims that Stierheim denied him the right to appeal the CRDC's unfavorable

determination.  (Irwin's Second Am. Compl. 71-72).  Finally, Irwin claims that Greer condoned

the acts of the Board, failed to remedy those acts, and made dishonest and deceptive statements

to evade responding to Irwin's grievances.  In other words, Irwin alleges that Iturrey, Philip,

Stierheim, and Greer, by their action or inaction, acted outside the scope of their discretionary

authority.   Given that *pro se* pleadings are to be construed liberally, the facts alleged, taken in

7

the light most favorable to Irwin, appear to establish that Iturrey, Philip, Stierheim, and Greer 's conduct violated Irwin's constitutional rights.  Accordingly, a determination of whether Iturrey, Philip, Stierheim, and Greer are entitled to qualified immunity is premature at the motion to dismiss stage.

### 3.   42 U.S.C.§ 1983 Claim Against Reineke

Irwin asserts a 42 U.S.C. § 1983 claim against Reineke for denying him the opportunity to volunteer at the Miami-Dade County Public Schools ("MDCPS") (Count 10), and for wrongly terminating his employment at Homestead Middle in retaliation for Irwin's various complaints against the MDCPS and the FDOE ( Count 23).  (Irwin's Second Am. Compl. 67-68; 90-92). Irwin alleges that Reineke acted in violation of his constitutional rights and outside the scope of her discretionary authority when she allegedly engaged in acts of retaliation.  Given that *pro se* pleadings are to be construed liberally, the facts alleged, taken in the light most favorable to Irwin, appear to establish that Reineke's conduct violated Irwin's constitutional rights. Accordingly, a determination of whether Reineke is entitled to qualified immunity is premature at the motion to dismiss stage.

### 4.   State Law Based Claims Against Reineke

Irwin sues Reineke for converting his twenty-three-page file containing personal information and for possessing this file in violation of various state statutes (Count 25).  (Irwin's Second Am. Compl. 93-94).  On December 15, 2003, Irwin voluntarily delivered the documents to Reineke and Reineke refused to return them.  (Irwin's Second Am. Compl. 22-23).  Under Florida law, "[c]onversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession." *Estate of Villanueva ex rel. Villanueva v. Youngblood*, 927 So. 2d 955, 959 (Fla. 2d DCA 2006).

"[I]n . . . a suit for conversion . . . recovery is limited to the value of the object at the time of taking or destruction, plus interest at the legal rate." *Foresight Enter., Inc. v. Leisure Time Props., Inc.*, 466 So. 2d 283, 286 (Fla. 5th DCA 1985). Irwin did not allege that the documents had any value. Therefore, this claim is dismissed with prejudice.

Irwin asserts that Reineke's possession and use of the documents violated the following state statutes: Fla. Stat. § 943.059(4)(c); § 812.014; Stat.§ 712.11; § 435.11(1)(b); and §448.045.

According to Fla. Stat. § 943.059(4)(c), it is a misdemeanor for a school employee to disclose information relating to the existence of a sealed criminal history record of a person seeking employment with such school, except to the person to whom the criminal history record relates or to the persons having direct responsibility for employment or licensure decisions. Nothing in the record shows that Irwin's criminal history record has been disclosed to a person having no direct responsibility for employment or licensure decisions.

Irwin asserts that he has a claim against Reineke pursuant to Fla. Stat. § 435.11(1)(b), which states: "It is a misdemeanor of the first degree [ ] for any person willfully, knowingly, or intentionally to: [ ] (b) Use records information for purposes other than screening for employment or release records information to other persons for purposes other than screening for employment." Nothing in the record shows, nor does Irwin allege, that Reineke used or released Irwin's expunged arrest record for purposes other than screening for employment. Accordingly, Irwin cannot assert a claim under this statute. Moreover, this statute provides for a criminal remedy and not a civil one. Courts are generally reluctant to create civil remedies "where the legislature has chosen not to." *Temple v. Aujla*, 681 So. 2d 1198, 1199 (Fla 5th DCA); *Morrison v. Morgan Stanley Prop.*, No. 06-80751, 2007 WL 2316495, at * 10 (S.D. Fla. Aug. 9, 2007).

Finally, Irwin asserts a claim under Florida's Wrongful Combinations Against Workers Statute, Fla. Stat. § 448.045. This statute provides for a criminal punishment, but it does not discuss civil remedies. In *Morrison v. Morgan Stanley Properties*, the court found that Fla. Stat. Ann. § 448.045 did not apply to a private cause of action. *Morrison v. Morgan Stanley Prop.*, No. 06-80751, 2007 WL 2316495, at * 10 (S.D. Fla. Aug. 9, 2007) ("When a criminal remedy is available, and no civil remedy is assigned, it is not assumed that a civil remedy exists"). Since Fla. Stat. § 448.045 cannot be sued upon in a private cause of action, Irwin's claim fails.

### 5.  42 U.S.C.§ 1983 Claim Against the Board

Irwin asserts a 42 U.S.C. § 1983 claim against the Board, alleging that the Board maintains non-uniform methods and practices of employment screening and hiring, fails to collect 'arrest' information openly and consistently, uses many "ambiguous, conflicting, and deceptive questions and statements" in its employment application as a tool to discriminate unwanted applicants, and refuses to clarify those questions. (Irwin's Second Am. Compl. 59). Irwin claims that the Board wrongly compelled him to provide it with a certified copy of his "expunged, non-public, non-prosecuted dismissed arrest record" and that false accusations were imposed upon him as a result. (*Id*. at 60). Irwin further alleges that the Board wrongfully conducted another government investigation into his arrest, and wrongfully requested the Florida Department of Education ("FDOE") to do the same. (*Id*. at 60). Irwin contends that the Board fraudulently accused him of falsifying his application, consented to Reineke's theft of his personal documents, and denied him his right to seek relief from unfair treatment, and denied him a Chapter 120 administrative hearing. (*Id*. at 60-61). Irwin alleges that, by doing so, the Board acted in violation of its constitutional rights. Given that *pro se* pleadings are to be construed liberally, the facts alleged, taken in the light most favorable to Irwin, appear to

establish that the Board's conduct violated Irwin's constitutional rights.  Accordingly, the

Board's Motion to Dismiss is denied as to Irwin's § 1983 claim.

### 6.   Title VII Claims Against the Board

Irwin asserts Title VII claims against the Board for employment discrimination (Count

5), for denying him the right to appeal the Board's unfavorable CRDC investigation (Count 6);

for failing to collect "arrest" information openly and consistently (Count 7), for significantly

burdening "those members of society that have a higher percentage of arrests due to their race,

color, sex, age and national origin" (Count 8), and for causing him to be terminated as an FIU

employee (count 24).  (Irwin's Second Am. Compl. 62-66; 92-93).

Irwin filed a claim against the Board with the Equal Employment Opportunity

Commission ("EEOC"), but received notice on October 3, 2006, that his claim against the Board

(EEOC # 510-2006-04408) was dismissed.  (Irwin's Second Am. Compl. 34).  As his complaint

was dismissed by the EEOC, he did not obtain a right to sue letter prior to filing this action.  The

receipt of a right to sue letter is a condition precedent to filing a Title VII action.  *See Fouche v.

Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir. 1983); *see also Griffin v. Dugger*,

823 F.2d 1476, 1482 (11th Cir. 1987) (noting that "a plaintiff must generally allege in his

complaint that all conditions precedent to the institution of the lawsuit have been fulfilled.").

However, receipt of a right to sue letter is not an absolute necessity for filing suit in federal

court.  "It is clear. . . that receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit,

but rather, is a statutory precondition which is subject to equitable modification." *Forehand v.

Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996).  While I could

waive this condition precedent, it would be futile to do so considering the lack of evidence in the

record to support Irwin's theory of discrimination.  Thus, Irwin fails to maintain a Title VII

action against the Board.

### 7.  ADEA Claim Against the Board

Irwin alleges that the Board violated 29 U.S.C § 623 by "wrongly accusing [him] of 'falsifying' [his] application as a pretext for not hiring [him] due to the fact that [he] was over fifty years old."  (Irwin's Second Am. Compl. 66).  Pursuant to this statute, "[i]t shall be unlawful for an employer--(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C § 623(a)(1).  Irwin bears the burden of establishing by a preponderance of the evidence that age was a determining factor in the Board's decision to take adverse employment action against him.  *Davies v. Browning-Ferris Indus. of Fla., Inc.*, 815 F.Supp.436, 439 (M.D. Fla 1993).  Since Irwin's claim is based on circumstantial evidence, he must first make out a prima facie case of age discrimination.  To do so, he must show that he is a member of the protected age group, that he was subject to adverse employment action, that he was qualified to do the job, and was replaced by or otherwise lost a position to a younger individual.  *Chapman v. Al Transp.*, 229 F. 3d 1012, 1024 (11th Cir. 2000).  Irwin did not make a prima facie case of age discrimination.  He acknowledges several times in his complaint that his teacher application was denied because of his arrest record and his answers to the application questions.  He did not mention that he was replaced by a younger employee or that his applications were denied in favor of a younger employee.  Therefore his employment discrimination claim fails.

### 8.  Tort Claims Against the Board

Irwin asserts gross negligence claims against the Board for disclosing his arrest record, releasing the information contained within to FIU (Count 26) and "conspiring" with FIU to cause

his discharge (Count 27).  (Irwin's Second Am. Compl. 94-95).  After reviewing the complaint in light most favorable to Irwin, I find that it would be premature to dismiss these claims at this stage.

### B.  Motion for Summary Judgment

The only claims that survive Defendants' Motion to Dismiss are the Section 1983 claims against all Defendants, the theft claims against Reineke, and the negligence claims against the Board.  Defendants and Irwin acknowledge, however, that there are no genuine issues as to any facts material to these claims.  (Defs.' Joint Mot. for Summ. J. 1; Irwin's Resp. to Defs.' Joint Mot. for Summ. J. 1).  Defendants Motion for Summary Judgment with respect to these claims should, therefore, be granted.

### 1. Section 1983 Claims

I find that Defendants are entitled to summary judgment under Rule 56(c).  Irwin alleges § 1983 violations under the First, Fifth, and Fourteenth Amendments.  A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States.  *Whitehorn*, 758 F.2d at 1419 (11th Cir. 1985) (emphasis added) (citing to 42 U.S.C. § 1983).

I find that Irwin fails to assert a First Amendment violation under § 1983.  Irwin seems to suggest his First Amendment rights were violated when he was not provided with the opportunity to address his employment grievances.  His claim fails because he did have the opportunity to air his grievances.  (Irwin's Second Am. Compl. 20).  He wrote to the MDCPS.

14

(*Id.* at 20).  Philip, the Chief of Staff for MDCPS, reviewed his grievances and wrote back. (*Id.* 20).  He submitted an appeal to MDCPS.  (*Id.* at 20).  Stierheim, the Superintendent of the Schools for MDCPS, reviewed it.  (*Id.* at 21)  Reineke also reviewed his documents.  (*Id.* at 22).  He wrote to Board members on multiple occasions.  (*Id.* at 22).  The Board members' failure to respond to Irwin's repeated requests, which reiterated the same arguments, is not a violation of his First Amendment right. (*Id.* at 31-32).  Since he had multiple opportunities to state his grievances, his First Amendment rights were not violated.

I also find that Irwin fails to state a § 1983 violation under the Fourteenth Amendment. According to the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  This due process requirement applies to the federal government through the Fifth Amendment.  U.S. Const. amend. V.  The Eleventh Circuit has stated that, in order to establish a violation, a plaintiff must demonstrate that (1) he had a constitutionally protected interest, and (2) "the government deprived him of that interest for improper motive and by means that were pretextual, arbitrary and capricious." *Mackenzie v. City of Rockledge*, 920 F.2d 1554, 1558 (11th Cir. 1991).  Irwin fails to show that Defendants deprived him of a protected interest for improper motive.  The Eleventh Circuit has held that "employment rights are state-created rights and are not 'fundamental rights' created by the Constitution" and therefore are only protected under the procedural, rather than substantive, component of the due process clause.  *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir.1994) (*en banc*), *cert. denied sub nom. McKinney v. Osceola County Bd. of County Comm'rs*, 513 U.S. 1110 (1995).

15

The procedural due process claims also must be dismissed because Irwin's own allegations reveal that he was afforded adequate procedural due process.  "At-will" employees usually receive less due process protection than tenured employees.  *Dressler v. Jenne*, 87 F. Supp. 2d 1308, 1317 (S.D. Fla. 2000).  From Irwin's factual allegations, it appears that he is an at-will employee.  Because Florida is an "at will" employment state, *Cardinale v. Southern Homes of Polk County, Inc.*, 2008 WL 788460, at *6 (M. D. Fla. Mar. 19, 2008), an employee has no property interest in continued employment and no entitlement to due process protection. *Davis v. Mobile Consortium of CETA*, 857 F.2d 737, 741 (11th Cir. 1988).  Irwin held no property right in continued employment, and therefore is not entitled to the protection of procedural due process protection.  *McKinney*, 20 F.3d at 1560 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539 (1985)).

Similarly, Irwin cannot make out a claim under the equal protection clause of the Fourteenth Amendment, which states that "[n]o state [ ] shall deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.  The Eleventh Circuit has acknowledged that "[u]nequal application of a state law may violate the equal protection clause."  *Mackenzie*, 920 F.2d at 1559.  "To overcome an equal protection challenge, distinctions between similarly situated persons must be reasonable, not arbitrary, and substantially related to the object of the legislation."  *Id.* at 1559.  Irwin has not presented any evidence that others were treated differently than he was.  Therefore, he cannot maintain a § 1983 suit under the Fourteenth Amendment.  His § 1983 claims against all Defendants, therefore, fail.

## 2. State Law Claims Against Reineke

Irwin asserts a theft claim (Count 25), pursuant to Fla. Stat. § 812.014 and Fla. Stat.§ 712.11.  "A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property.  (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property."  Fla. Stat. § 812.014.  Stat.§ 712.11 provides for a civil remedy for theft, and states: "Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 [ ] has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate court."  To establish a violation of these statutes, Irwin must prove that Reineke committed theft, and therefore that she acted with felonious intent.  *Almeida v. Amazon.com, Inc.* 456 F. 3d 1316, 1226-27 (11th Cir. 2006).  A showing of "felonious intent" is a high threshold to meet.  *Ames v. Provident Life & Acc. Ins. Co.*, 942 F. Supp. 551, 560-61 (S.D. Fla. 1994).  Irwin alleges that Reineke "knowingly" deprived him from his property.  (Irwin's Second Am. Compl. 93).  He also concedes, however, that he provided the documents to Reineke.  (*Id.* at 27).  Irwin does not allege that the documents or the envelope containing the documents stated or implied that they were not for her to keep.  Therefore, when Reineke ignored Irwin's request that she return the documents, she could have legitimately thought that the documents had become her property.  Irwin did not establish by clear and convincing evidence that Reineke had the requisite felonious intent.  Therefore, his claims under Fla. Stat. § 812.014 and Fla. Stat.§ 712.11 fail.

17

### 3. Negligence Claims Against the Board

Irwin alleges that the Board committed gross negligence under Fla. Stat. § 943.049 when the Board disclosed the existence of his sealed and expunged arrest record, and released information contained within to FIU.  (Irwin's Second Am. Compl. 94).  Florida courts recognize both gross and wanton negligence.  "Gross negligence has been defined as the equivalent of slight care, that course of conduct which a reasonable and prudent person would know would probably and most likely result in injury to person or property." *Farrell v. Fisher*, 578 So. 2d 407, 409 (Fla. 4th DCA 1991).  "Wanton negligence, on the other hand, is *no* care or the absence of any care and is only one degree removed from willful misconduct." *Id.* at 409. (emphasis in original).  Under either form of negligence, the defendant mush breach a duty of care; the deciding factor between the two is exactly what amount of care was breached. Regardless of the negligence standard, Irwin fails to assert a valid negligence claim against Defendants.  The evidence in the record shows that the Board did not breach a duty.

Fla. Stat. § 943.059 authorizes the disclosure of criminal history records to the persons having direct responsibility for employment decisions.  Nothing in the record shows that Irwin's criminal history record has been disclosed to a person having no direct responsibility for employment or licensure decisions.  The Board did not breach a duty of care owed to Irwin. Irwin, therefore, cannot bring a gross negligence claim.

Finally, Irwin asserts a negligence claim against the Board for having "conspired" with FIU to cause his discharge as an FIU employee (Count 26).  (Irwin's Second Am. Compl. 95). "The elements that a plaintiff must allege for a conspiracy claim are that (1) two or more parties (2) agree (3) to commit an unlawful act." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043,

1067 (11th Cir. 2007).  Irwin did not establish that Defendants committed an unlawful act, much less that they agreed to do so.  Therefore, this claim fails as well.

### 4.  State Law Claims

In Irwin's response to Defendants' motion to dismiss and his response to Defendants' motion for summary judgment, Irwin asserts several new state law claims against Defendants, which were not present in his second amended complaint. [D.E. 267; 473].  Normally, I would disregard the new allegations and analyze the Defendant's motion to dismiss under the assertions set forth in the second amended complaint.  *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044, 2007 WL 997362 at *4 (S.D. Fla. Mar. 27, 2007) (noting that plaintiffs may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); accord *Walker v. City of Orlando*, No. 07-651, 2007 WL 1839431 at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a motion to dismiss).  This case, however, involves a *pro se* plaintiff; therefore, the court must liberally construe Irwin's response.  When *pro se* plaintiffs raise additional allegations in their filings, these allegations should be construed as a motion to amend the complaint, and the motion should be granted.  *Newsome v. Chatham County Detention Ctr.*, 256 Fed. Appx. 342, 344 (11th Cir. 2007).  The court, in a *pro se* case, should generally allow the plaintiff leave to amend his complaint.

I am, nonetheless, denying Irwin leave to amend his complaint for two distinct reasons. First, Irwin has already had two opportunities to allege new facts or law, which were not included in his original complaint.  Irwin filed his original complaint on December 15, 2006, his first amended complaint on July 2, 2007, and his second amended complaint on October 10,

2007.  [D.E. 1, 88, 192].  In addition to having multiple opportunities to assert his new claims, Irwin also had ample time to make his assertions since over ten months expired between his initial complaint and his second amended complaint.  Irwin should have included his additional claims in either his first or second amended complaint, not in his responses to Defendant's motions.  Second, even if Irwin were permitted to introduce new state law claims, these new claims would fail.

Irwin asserts claims under the following statutes: Fla. Stat. § 768.72(2)(b); Fla. Stat.§ 448.102; Fla. Stat. § 447.503; Fla. Stat. § 435.06; Fla. Stat. § 435.09.; Fla. Stat. § 435.10; Fla. Stat. § 435.11(a)(b); Fla. Stat. § 768.095; Fla. Stat. § 943.059(4)(c); Fla. Stat. § 760.01; Fla. Stat. § 760.10; Fla. Stat. § 760.01-11; Fla. Stat. §§ 120.52(8); 120.569; and 120.57(1)(e)(2); Fla. Stat. § 435.04; Fla. Stat. § 1000.05(2)(a).  He also appears to sue for the following common law torts: negligence, breach of fiduciary duty, fraudulent concealment or negligent misrepresentation, fraud, conversion, tortious interference with employment contract, intentional infliction of emotional distress, civil conspiracy.  These claims all fail because they are either inapplicable to the parties, Irwin has failed to allege a necessary element for the cause of action, or there is no evidence in the record to support them.

### 5.  Declaratory Judgment

In his second amended complaint, Irwin seeks declaratory relief.  (Irwin's Second Am. Compl. 135-37).  Declaratory judgment is only appropriate if Irwin asserts a *prima facie* case for his claims.  The district court must first have a jurisdictional basis in order to provide declaratory relief.  The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (a).

The Declaratory Judgment Act, standing alone, does not confer jurisdictional power upon the court. The analysis for whether there is a "case or controversy" for declaratory judgment is similar to the "case and controversy" requirement under Article III of the Constitution. *Emory v. Peller,* 756 F.2d 1547, 1552 (11th Cir. 1985). The district court must be able to assert original and independent jurisdiction over the case in order to provide declaratory relief. The *Emory* court stated, "[t]hat is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Id*. at 1552. Since Irwin has failed to establish a *prima facie* case, the court lacks the original and independent jurisdiction necessary to provide declaratory relief.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted with respect to the Title VII claim against the Board (Counts 5, 6, 7, 8, 24), the ADEA claim against the Board (Count 9), the state tort claims against Reineke – except the theft claim (Count 25) – and denied for the remaining claims, i.e.. the § 1983 claims against all Defendants (Count 4, 10, 11, 12, 14, 16, 23), the theft claim against Reineke (Count 25), and the state law claims against the Board (Count 26 and 27). The motion for summary judgment is granted with respect to the § 1983 claims against all Defendants (Count 4, 10, 11, 12, 14, 16, 23), the theft claim against Reineke (Count 25), and

the state law claims against the Board (Count 26 and 27).  Defendants' motion for summary

judgment is denied as moot in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February

2009.

MARCIA G. COOKE
United States District Judge

cc:
Honorable Ted E. Bandstra
All counsel of record
Ralph Irwin, *pro se* Plaintiff